DECISION
Relator, Kevin Mathis, commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which awarded relator for the total loss of use of his right hand and increased his award to 175 weeks, based upon the March 7, 2001 report of Dr. Alan R. Kightlinger, and ordering the commission to accept the April 25, 1997 report of Dr. Hauw T. Han and begin his compensation as of that date.
Pursuant to Civ.R. 53, and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate concluded that relator failed to show the commission abused its discretion in granting him compensation for the total loss of use of his right hand based upon the March 7, 2001 report of Dr. Kightlinger and, therefore, the writ of mandamus should be denied.
No objections have been filed to the magistrate's decision.
Finding no error of law or defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Writ denied.
DESHLER and LAZARUS, JJ., concur.
 APPENDIX A IN MANDAMUS
Relator, Kevin Mathis, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which awarded relator the total loss of use of his right hand which, in accordance with R.C. 4123.57(B), and increased his award to one hundred seventy-five weeks based upon the March 7, 2001 report of Dr. Alan R. Kightlinger. Instead, relator wants this court to order the commission to accept the April 25, 1997 report of Dr. Hauw T. Han, and begin his compensation as of that date.
Findings of Fact:
1. On December 31, 1995, relator sustained a work-related injury and his claim has been allowed for: "Right open wound finger with tendon 2nd
finger; open wound right hand; open wound finger with tendon right 3rd
finger; ankylosis of the second and third fingers right hand."
2. In 1996, relator filed a motion seeking compensation pursuant to R.C. 4123.57(B) for the loss of use of his index and long fingers of his right hand.
3. Following a March 26, 1997 hearing, a staff hearing officer ("SHO") issued an order denying relator's request for compensation upon a finding that relator had active range of motion of degrees of the DIP joints of both the index and long fingers.
4. Relator filed a notice of appeal asking the commission to review the SHO's March 26, 1997 order. Relator attached the April 25, 1997 report of Dr. Han which had not been submitted to the SHO. In his April 25, 1997 report, Dr. Han stated:
 It is my opinion that the injuries suffered by Mr. Mathis has rendered his left long and index finger more than useless, thereby, significantly impeding his ability/function to work in his chosen field.
5. The commission issued an order refusing relator's administrative appeal.
6. Relator filed a mandamus action in this court contending that the commission abused its discretion by denying his motion for R.C. 4123.57(B) scheduled loss compensation for the alleged loss of use of his index and long fingers of his right hand.
7. This court adopted the magistrate's June 17, 1998 decision as its own and denied relator's request for a writ of mandamus. In so doing, this court agreed with the commission's finding that the evidence submitted by relator had failed to show that the index and middle fingers, or parts thereof, were rendered useless as required by R.C.4123.57 where the fingers are not lost. The court noted further that it was not until April 25, 1997, that relator put forth any evidence that would tend to indicate that his fingers had been rendered useless.
8. Following this court's decision, relator filed a motion on February 17, 1997, seeking compensation for his scheduled loss. Relator submitted Dr. Han's April 25, 1997 report and a copy of this court's decision.
9. On September 27, 1999, an SHO issued an order stating that relator's motion was not supported by any new evidence and concluded that there was no basis for the exercise of continuing jurisdiction.
10. On October 3, 2000, the same SHO issued a corrected order which vacated the September 27, 1999 order and authorized the Bureau of Workers' Compensation ("bureau") to consider the merits of relator's motion and to schedule an independent medical examination or to take whatever other action was appropriate.
11. Relator was examined by Dr. Kightlinger, who issued a report dated March 7, 2001. Dr. Kightlinger set forth the objective findings and opined that relator has a total loss of use of the index and long fingers of the right hand.
12. The bureau issued an order finding that relator had sustained a one hundred percent loss of use of his right fingers, and in accordance with R.C. 4123.57(B), awarded relator sixty-five weeks of compensation.
13. Relator appealed the bureau's order and the matter was heard before a district hearing officer ("DHO") on June 6, 2001. Relator argued that relator's loss of the use of his two fingers prohibited him from performing his regular occupation and should result for an allowance for the loss of use of his right hand. The DHO reviewed Dr. Han's April 25, 1997 report and specifically rejected it as conclusory and because it did not contain any objective findings which form the basis of his opinion. The DHO relied upon the March 7, 2001 report of Dr. Kightlinger, and found that relator had sustained the total loss of use of the second and third fingers of his right hand and, because of the nature of relator's employment as an auto mechanic, the DHO found the disability resulting from the loss of use of his two fingers exceeded the normal disability resulting from such a loss. Pursuant to R.C. 4123.57(B), the DHO ordered that relator be awarded one hundred seventy-five weeks of compensation equal to the loss of a hand.
14. Relator filed an appeal asking that the date of loss of use be determined to be April 25, 1997.
15. The matter was heard before an SHO who issued an order dated July 27, 2001. The SHO noted that the prior DHO order was being modified; however, no changes were made. Instead, the SHO again rejected Dr. Han's April 25, 1997 report as conclusory, and because it did not contain any objective findings which form the basis of his opinion and granted relator's request for compensation based upon the March 7, 2001 report of Dr. Kightlinger. Pursuant to the same reason of the DHO, the SHO awarded relator one hundred seventy-five weeks of compensation equal to a loss of his right hand and found that compensation should begin on March 7, 2001, the date of Dr. Kightlinger's report.
16. Further appeal was refused by order of the commission mailed August 24, 2001.
17. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
Although relator points out several reasons why this court should find that the commission abused its discretion in failing to rely on Dr. Han's April 25, 1997 report, the bottom line is that relator challenges the commission's order granting him the compensation which he himself requested based upon the March 7, 2001 report of Dr. Kightlinger. First, relator contends that this court specifically instructed the commission to find that Dr. Han's April 25, 1997 report supported an automatic finding that relator was entitled to the requested compensation. Second, relator contends that the commission erred by mailing an order to the wrong address. Third, relator contends that he was prevented from receiving compensation by the commission's failure to timely order an independent medical examination. Fourth, relator asserts the commission abused its discretion by noting that relator had filed a C-85(A) motion on February 17, 2001, seeking additional compensation instead of noting that relator filed a motion for loss of use on February 17, 2001. Fifth, relator contends that the commission abused its discretion by making the award for total loss of use of his right hand based upon the March 7, 2001 report of Dr. Kightlinger instead of the April 25, 1997 report of Dr. Han. For the reasons that follow, this magistrate rejects relator's arguments.
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as factfinder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
Relator first contends that the commission misapplied this court's January 12, 1999 decision because the commission failed to accept Dr. Han's April 25, 1997 report as conclusive evidence that he had sustained a total loss of use of his right hand. This magistrate disagrees.
A careful reading of this court's prior decision leads to the conclusion that this court did not order the commission to award relator compensation pursuant to R.C. 4123.57(B) for the total loss of use of his right hand based upon the April 25, 1997 report of Dr. Han. Instead, this court found that the commission had not abused its discretion in denying the requested award, and that Dr. Han's April 25, 1997 report had not been timely filed. This court then noted that it was not until his April 25, 1997 report that Dr. Han gave any indication that relator's loss of use of his two fingers rendered those fingers more than useless. Relator's request for a writ of mandamus was denied. Nothing in this court's decision ordered the commission to make a specific finding. As such, this argument of relator lacks merit.
Second, relator contends that the SHO's September 27, 1999 order was mailed to the wrong post office box. However, relator fails to assert that the incorrect post office box resulted in a failure of delivery or that he was in any way prejudiced except that more time passed until he ultimately received a hearing on his application. Relator ultimately received a hearing and the requested compensation was awarded. Any error here in the mailing does not arise to an abuse of discretion correctable by issuing a writ of mandamus. In reality, had Dr. Han's April 25, 1997 report been timely filed before the SHO at the first hearing, relator's benefits arguably could have been awarded earlier. As such, this argument is simply not well-taken as well.
Third, relator contends that his award was delayed by the commission's failure to schedule an independent medical examination until March 5, 2001, six months after the order of the DHO. Relator contends that Dr. Han's April 25, 1997 report was absolute evidence confirming that he was entitled to an award for the loss of use of his right hand, that the commission refused to accept Dr. Han's report, and that the commission delayed sending him for an independent medical examination.
After reviewing the record, it is unclear why there was a delay before relator was sent for an independent medical examination. However, during that time, relator did not submit any additional evidence to the commission. Instead, both then and now, relator continues to assert that he is automatically entitled to compensation based upon Dr. Han's April 25, 1997 report. However, relator is mistaken. As the commission ultimately determined, Dr. Han's April 25, 1997 report contains absolutely no objective findings. Ultimately, the commission rejected his report as conclusory. As such, this argument of relator lacks merit as well.
Fourth, relator contends that the commission abused its discretion by designating his motion as a C-85(A) application. Regardless of how relator's motion was at one time designated, it hs always been considered by the commission as a motion seeking an award of compensation for a scheduled loss pursuant to R.C. 4123.57(B) for the total loss of use of his right hand. Relator has failed to show any error on the part of the commission in this regard, or any abuse of discretion, or any prejudice to himself as a result. As such, this argument of relator also lacks merit.
Lastly, relator contends that the commission should have made the award for compensation based upon the April 25, 1997 report of Dr. Han instead of the March 7, 2001 report of Dr. Kightlinger. In its order, the commission specifically found that Dr. Han's April 25, 1997 report did not constitute some evidence upon which the commission could base an order of compensation because that report was conclusory and did not contain any objective findings to form the basis of Dr. Han's opinion. Instead, the commission found that Dr. Kightlinger's report was the first credible evidence that relator had sustained the loss of use of his right hand and awarded him compensation from the date of Dr. Kightlinger's report. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as factfinder. Teece, supra. Further, the commission is not required to explain why it finds a report not to be credible. However, in the present case, the commission did offer an explanation and this magistrate agrees with that explanation. Relator also contends that Dr. Kightlinger's report supports an award of compensation as of Dr. Han's April 25, 1997 report. However, Dr. Kightlinger can only issue a current opinion based on his examination. Dr. Kightlinger did not and could not opine that relator's hand was rendered useless prior to his examination. Relator has been granted compensation pursuant to R.C. 4123.57(B) for a period of one hundred seventy-five weeks for an award for loss of use of his right hand. The commission's order was based on the March 7, 2001 report of Dr. Kightlinger. Because Dr. Kightlinger's report constitutes some competent credible evidence upon which the commission relied, relator has not shown the commission abused its discretion. The commission was not required to accept Dr. Han's report. As such, this argument of relator is likewise found to lack merit.
Based on the foregoing, it is this magistrate's decision that relator has not shown that the commission abused its discretion in granting him compensation for the loss of use of his right hand based upon the March 7, 2001 report of Dr. Kightlinger, and relator's request for a writ of mandamus should be denied.