{¶ 1} Relator, Frank Cappella, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied relator's application for permanent total disability ("PTD") compensation and ordering the commission to issue a new order adequately explaining why relator's application for PTD compensation was being denied after the commission had previously issued an order granting the requested compensation.
 {¶ 2} This court referred the matter to a magistrate pursuant to Civ.R. 53(C), and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (See Appendix A.)
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} Relator did not contend that the evidence relied upon by the commission does not constitute some evidence supporting the commission's decision or that the commission's analysis of the non-medical disability factors constitutes an abuse of discretion. As explained by the magistrate, there was no basis for challenging the commission's decision for either of these reasons. The sole challenge was that the commission improperly denied relator's application for PTD compensation after previously having granted it, as relator claims the weight of the evidence supports PTD.
 {¶ 5} As the magistrate explained, relator may not challenge the vacation of the previous order as it merely obeyed this court's previous order requiring them to do so, an order that was not appealed.
 {¶ 6} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
PETREE, P.J., and BROWN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 IN MANDAMUS {¶ 7} Relator, Frank Cappella, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation and ordering the commission to issue a new order adequately explaining why relator's application for PTD compensation was being denied after the commission had previously issued an order granting the requested compensation.
Findings of Fact:
 {¶ 8} 1. Relator sustained a work-related injury on January 24, 1986, and his claim has been allowed for: "tear of rotator cuff, left shoulder."
 {¶ 9} 2. Relator filed his first application for PTD compensation in 1988. That application was denied.
 {¶ 10} 3. Relator filed his second application for PTD compensation in 1995. At that time, relator was 70 years old, had completed an 11th grade education, had the ability to read, write and do basic math, and had obtained his GED. Relator's work history consisted of almost 40 years as a "roller" whose job duties included setting up and adjusting a roll machine and a cut-off machine, and lifting, carrying, pushing, and stacking rolls of steel.
 {¶ 11} 4. Relator's application was heard before a staff hearing officer ("SHO") on June 27, 1996, and resulted in an order denying him compensation. The order was based particularly upon the report of Dr. Satish Mahna who had concluded that relator had reached maximum medical improvement, had a 19 percent whole person impairment, could not return to his former position of employment, but could perform work activity with certain restrictions. Those restrictions included limiting him to sedentary and light duty work as well as no work at or above shoulder level and to avoid frequent rotational movements at shoulder level.
 {¶ 12} 5. On September 20, 1996, relator filed a complaint for a writ of man-damus. On June 17, 1997, this court granted a limited writ of mandamus and referred the case back to the commission for further hearing. State ex rel. Cappella v. Indus. Comm. (June 17, 1997), Franklin App. No. 96AP-1220.
 {¶ 13} 6. The commission conducted a new hearing before an SHO on March 24, 1998. This time, the commission granted relator's application for PTD compensation based upon the medical reports of Drs. Nicholas P. DePizzo and Mahna and the vocational assessment of Jeffrey R. Berman. Dr. DePizzo had opined that relator would never be able to engage in any sustained remunerative employment. Dr. Mahna's report was the same report outlined earlier and previously relied on by the commission to deny PTD compensation.
 {¶ 14} 7. The employer, Sawhill Tubular, subsequently filed a motion in this court asking this court to vacate its June 1997 judgment granting a limited writ of mandamus because the employer had never been served with relator's September 1996 complaint in mandamus.
 {¶ 15} 8. In a decision rendered on July 22, 1999, this court granted the employer's motion to vacate this court's June 17, 1997 judgment and ordered the commission to vacate its March 24, 1998 order granting relator's application for PTD compensation and to reinstate the commission's June 27, 1996 order denying relator's application for PTD compensation so that the employer had the opportunity to file a brief and argue before this court.
 {¶ 16} 9. The matter was again submitted to this court and this court again found in favor of relator and issued a writ of mandamus ordering the commission to vacate its original June 27, 1996 order and to redecide the issue after a hearing.
 {¶ 17} 10. The matter was reheard before a new SHO on February 13, 2002, and resulted in an order denying relator's application for PTD compensation. The order was based on the July 2, 2001 report of Dr. Richard N. Kepple who concluded that relator had reached maximum medical improvement, had an 11 percent whole person impairment, could not return to his former position of employment, but could perform work primarily sedentary in nature in which work activities were confined between waist and shoulder level for both arms. Dr. Kepple also opined that relator's lifting and carrying should be limited to no more than ten pounds, particularly with the left upper extremity. The SHO conducted its own examination of the nonmedical factors and concluded that relator is capable of engaging in sustained remunerative employment or being retrained to engage in sustained remunerative employment. (The commission's order can be found at pages 56 through 58 of the record for the court's review.)
 {¶ 18} 11. Relator filed a request for reconsideration which was denied by order of the commission mailed April 11, 2002.
 {¶ 19} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order, which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 21} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but also, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 22} In this mandamus action, relator contends that the commission has abused its discretion by failing to explain how the commission could issue an order granting relator's application for PTD compensation in 1998, and then deny his application for PTD compensation following a new hearing in February 2002. Relator does not contend that the evidence relied upon by the commission does not constitute some evidence supporting the commission's decision. Furthermore, relator does not contend that the commission's analysis of the nonmedical disability factors constitutes an abuse of discretion. Instead, the entire focus of relator's argument is that the commission is required to explain why it denied relator's application for PTD compensation after previously having granted the application. Relator also asserts that the weight of the medical evidence certainly establishes that relator should be declared permanently and totally disabled. Furthermore, relator contends that this court never should have granted the employer's motion to vacate. For the reasons that follow, this magistrate disagrees.
 {¶ 23} Relator's argument that this court erred by granting the employer's motion to vacate which ultimately resulted in a writ of mandamus from this court ordering the commission to vacate its March 24, 1998 order, is immaterial to the mandamus case presently before this court. Relator could have challenged this court's decision granting the motion to vacate; however, relator never did. As such, that decision cannot be challenged before this court at this time.
 {¶ 24} Relator also contends that the manifest weight of the medical evidence establishes that he should be declared permanently and totally disabled. However, as long as the record contains some evidence to support the commission's findings, there has been no abuse of discretion. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Teece, supra. Furthermore, it is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commissions. State ex rel. Pass v. C.S.T. Extraction Co. (1996),74 Ohio St.3d 373.
 {¶ 25} In the present case, the commission cited some competent, credible evidence upon which it relied in concluding that relator was physically capable of performing sedentary work with certain restrictions involving the use of his arms. The commission then conducted its own analysis of the Stephenson factors which relator has not challenged. Upon independent review, this magistrate finds the commission's analysis of those factors is adequate under Noll. The commission acknowledged that relator was a person of advanced age but noted that he remains involved and interactive with others in society. The commission also found that relator retains a sense of vibrancy and adaptability. Relator had testified at the hearing that he cleans his house, prepares his own meals, participates in a Bocce league, and participates in activities with a volunteer organization. The commission noted that relator's education, his attainment of a GED, and his ability to read, write and do basic math, were positive factors. Additionally, the SHO noted that relator's injury only involved his nondominant left upper extremity and that he was capable of using his right upper extremity to perform physical activities. The SHO reviewed a videotape showing relator shoveling snow in March 1999 and noted that this video demonstrates relator's motivation to accomplish a difficult goal under adverse conditions, which exemplifies a positive factor in regard to relator's success at reemployment. The SHO also found relator's work history to be a positive factor. The SHO noted that his work history exemplified the ability to follow verbal instructions, to adapt to different work demands, the ability to work and communicate with others in the pursuit of a common goal, and the temperament to maintain steady employment. The SHO further noted that Tracey Laswel, M.Ed., issued a vocational report and found several employment options for relator within the limitations set by Dr. Kepple including work as a finisher, bit shaver, brush polisher, bright cutter, driller, mesh cutter, and stretcher. The commission's analysis satisfies the requirements of the law and does not constitute an abuse of discretion.
 {¶ 26} Relator's frustration is understandable; however, the commission is not required to explain the difference in the two orders. The hearings were held before different hearing officers who were entitled, by law, to evaluate and weigh the evidence without regard to how another hearing officer had done so previously. As long as the commission cites some evidence upon which its relies, and as long as that evidence is competent and credible, and as long as the commission provides an adequate analysis of the nonmedical disability factors, the commission has not abused its discretion and mandamus is not appropriate.
 {¶ 27} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and this court should deny relator's request for a writ of mandamus.