132

The State, ex rel. Truckey, Appellee, v. Industrial Commission of Ohio, Appellant, et al.

(No. 71-507—Decided March 1, 1972.)

*Messrs. Shapiro, Kendis & Petro,* and *Mr. Alan J. Shapiro,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. R. Patrick Baughman,* and *Mr. James W. Brown,* for appellant.

STERN, J.  Relator contends in his complaint that the uncontradicted facts clearly and convincingly establish that he was injured as a result of a violation of Section IC-5-09.03(A) of Bulletin IC-5.[1]  If this contention is correct, the Industrial Commission must award relator an amount as prescribed in Section 35, Article II of the Ohio Constitution.

Respondent contends that the writ should not issue unless an abuse of discretion by the Industrial Commission can be shown.  This statement of the law cannot be disputed, for Section 35, Article II of the Ohio Constitution, provides exclusive jurisdiction in the Industrial Commission in the determination of disputed factual situations involving violation of a safety regulation.  *Slatmeyer* v. *Indus. Comm.* (1926), 115 Ohio St. 654; *State, ex rel. Howard Engineering & Mfg. Co.,* v. *Indus. Comm.* (1947), 148

---

[1]Bulletin IC-5, entitled Specific Safety Requirements of The Industrial Commission of Ohio Relating to All Workshops and Factories, is issued by The Industrial Commission of Ohio.

Ohio St. 165; *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15.

An "abuse of discretion" would exist if the uncontradicted facts indicate that the relator was injured, as a result of a violation, by an employer, of a specific safety regulation.

In this case, the uncontradicted facts indicate that the machine was being operated without the requisite guard. Such operation, unless falling within the exceptions[2] noted in IC-5-09.03(A), constitutes a violation of a specific safety requirement. None of the exceptions apply in this case.

Respondent contends, however, that IC-5-09.03(A) does not apply since this particular accident took place at a time when the machine was *not being used for purposes of external grinding.* IC-5-09.03(A), in pertinent part, reads as follows:

"On all non-portable grinding machines *used* for external grinding, a substantial guard shall be provided * * *." (Emphasis added.)

Grammatical construction of that sentence indicates that the word "used" is employed as an adjective, indicating that the grinding machines to which IC-5-09.03(A) pertains are those machines which are used "for external grinding." This construction is substantiated by the statutory intent of the regulations, for they were intended to provide reasonable safety for employees at all times, not just when the particular piece of equipment was being "used" for a particular purpose.

Finding from the uncontested facts that a violation of IC-5-09.03(A) occurred, and that the relator was injured as a result of that violation, we hold that the Industrial Commission's order denying relator's application for ad-

---

[2]IC-5-09.03(A) states that its requirement shall not apply if "* * * the grinding wheels are equipped with protection flanges, bands or chucks" or "if grinding wheels are less than three (3) inches in diameter and are operated at a peripheral speed not exceeding three thousand (3000) feet per minute," or "the material acts as a shield to the periphery of the grinding wheel."

ditional compensation constitutes an "abuse of discretion," and that the relator is entitled to additional compensation.

A clear legal right to a writ of mandamus having been established in accordance with *State, ex rel. Szekely,* v. *Indus. Comm.* (1968), 15 Ohio St. 2d 237, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN and LEACH, JJ., concur.

BROWN, J., not participating.