THE STATE, EX REL. TEECE, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

(No. 81-472—Decided December 23, 1981.)

*Messrs. Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *Mr. Robert L. Bridges,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Nancy Miller,* for appellee Industrial Commission.

*Messrs. Schwartz, Einhart & Simerka* and *Mr. Gregory P. Szuter,* for appellee Standard Screw Company.

*Per Curiam.* A writ of mandamus is an extraordinary remedy, and the burden of showing a clear legal right to this writ as a remedy from a determination by the Industrial Commission of the extent of claimant's injury is upon relator. See, generally, *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141. "It is well established that mandamus will not lie where there is some evidence to support the finding of the Industrial Commission.. See *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128. Where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9." *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42.

In essence, relator-appellant argues that the commission abused its discretion in denying her claim for permanent and total disability in that there was no evidence before the commission that she was not so disabled.

This court agrees with appellant that the report of Dr. Kessler constitutes evidence that the claimant is permanently and totally disabled since it complied with the requirements set forth in *State, ex rel Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, that where a claimant's application for permanent and total disability compensation is based on two or more conditions which have been allowed by the commission, medical testimony must take into account the combined effects of these conditions in determining disability.[1] We further

---

[1] Dr. Kessler found permanent and total disability based solely on the basis of relator's combined physical injuries. Dr. Kessler's failure to consider relator's

agree with appellant that, based on *State, ex rel. Anderson,* v. *Indus. Comm.*, the medical report of Dr. McCloud cannot constitute evidence to support the commission's finding that appellant is not permanently and totally disabled, for the report failed to consider her psychological condition which had been previously allowed by the commission.[2]

The reports of both psychiatrists likewise cannot, by themselves, be considered evidence upon which the commission could base its final orders. Neither Dr. Giray nor Dr. Horwitz examined appellant as to her elbow and back injuries, and hence were non-examining physicians as to those injuries. (See *State, ex rel. Wallace,* v. *Indus. Comm.* [1979], 57 Ohio St. 2d 55.) This court's holding in *State, ex rel. Wallace,* v. *Indus. Comm.* requires a non-examining physician to expressly adopt the factual findings of all examining physicians which appear in the record as the basis of his opinion. Since neither report expressly adopted the factual findings of those who actually examined appellant, they cannot constitute evidence upon which the commission may rely.

While the evidence in the reports of Drs. McCloud, Horwitz and Giray is insufficient in itself to support or deny a claim for permanent and total disability, it is nonetheless relevant and admissible. In *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569, 577, this court held that "* * * evidence is relevant and admissible if it tends to prove a certain element of an ultimate fact even though it does not tend to establish all elements of the ultimate fact necessary to be proved; and evidence is relevant and admissible if it tends to corroborate evidence of certain but not all elements of a necessary ultimate fact.* * *"

Thus, the Court of Appeals did not err in finding that the commission could use the factual findings contained in these reports to test the credibility and reliability of the report of Dr. Kessler, the only report herein that complied with the tests set forth in *State, ex rel. Anderson,* v. *Indus. Comm.* and *State, ex*

---

psychological condition in no way negates his findings, for his report pre-dated the allowance of that condition and he found the two physical injuries sufficient to render relator permanently and totally disabled. Furthermore, this court held in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, at page 168, that "* * * it may not always be necessary that the physicians evaluate *every* condition allowed in a claim * * *."

[2] Dr. McCloud confined his report solely to relator's back and elbow injuries.

*rel. Wallace,* v. *Indus. Comm., supra,* that appellant was permanently and totally disabled. The determination of disputed factual situations is clearly within the jurisdiction of the commission (*State, ex rel. General Motors Corp.,* v. *Indus. Comm.* [1975], 42 Ohio St. 2d 278, 282-283), and since there was a conflict in the objective findings of the two orthopedic specialists,[3] the commission had reason either to doubt the validity of Dr. Kessler's findings or to conclude that appellant's condition had improved since the time of examination. " '* * * [W]here the record contains some evidence to support the commission's factual findings, these findings will not be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283; *State, ex rel. Capital City Excavating Co.,* v. *Indus. Comm.* (1978), 54 Ohio St. 2d 184, 188-189.' " *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408, 410.

The holdings in *State, ex rel. Anderson,* v. *Indus. Comm.* and *State, ex rel. Wallace,* v. *Indus. Comm., supra,* do not require the commission to accept the factual findings stated in a properly qualified medical report at face value and unquestioningly adopt them as those of the commission. To do so would be tantamount to allowing a physician to determine disability rather than the commission. Questions of credibility and the weight to be given evidence are clearly within the commission's discretionary powers of fact finding. See, generally, *State, ex rel. Shelton,* v. *Indus. Comm.* (1929), 121 Ohio St. 41; *State, ex rel. Ohio Bell Telephone Co.,* v. *Krise* (1975), 42 Ohio St. 2d 247.

Since appellant failed to establish a clear legal right to a writ of mandamus compelling the commission to grant her permanent and total disability, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

---

[3] The Court of Appeals noted the conflict in objective factual findings of the two orthopedic specialists to be as follows:

"Dr. Kessler found limitation of motion in relator's right elbow and forearm; Dr. McCloud found elbow and forearm motion to be normal. While Dr. Kessler found relator's side bending to be possible only to 15 degrees, Dr. McCloud found right-and-left-side bending normal. Again, Dr. Kessler found tightness in relator's low back, whereas Dr. McCloud observed good flexibility."

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and KRUPANSKY, JJ., concur.

CLIFFORD F. BROWN, J., dissenting. The majority decision thoroughly and correctly summarizes the procedural sequence of this claim for permanent and total disability. The nature and content of the medical reports of the four doctors are generally well analyzed.[4] However, the discussion of Dr. Giray's medical report is incomplete, not recognizing the probative value I believe it should be accorded. Since Dr. Giray's report corroborates that of Dr. Kessler, a finding of permanent and total disability is justified. Therefore, I dissent.

The medical report of Dr. Giray, following a psychiatric evaluation, found relator totally and permanently disabled, based upon both her physical injuries and her "neurosis."[5] The Court of Appeals concluded that Dr. Giray's report was disqualified because he did not examine relator concerning her elbow and back injuries, so that his opinion as to those injuries was that of a non-examining physician, which opinion can not be accepted under the test announced in *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55.

I disagree with the Court of Appeals that Dr. Giray was a non-examining physician; rather, I conclude he fulfills the test announced in *Wallace.* Dr. Giray personally examined relator

---

[4] The majority decision concludes that the report of Dr. Kessler constitutes evidence that the claimant is permanently and totally disabled since the report complied with the requirements of *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, and that the report of Dr. McCloud did not comply with the requirements of *Anderson.* It further correctly concluded that the medical report of Dr. Horwitz, a psychiatrist, was a report of a non-examining physician as to back and elbow injuries, and could not be considered evidence upon which the commission could rely or base its final orders because this psychiatric report did not meet the standard required by this court in *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55.

[5] The Court of Appeals summarized Dr. Giray's examination as follows:

"Dr. Giray examined relator on March 9, 1979 [*sic*], at the request of relator's counsel 'for a psychiatric evaluation.' His report notes he had 'reviewed for reference' reports from Dr. Gerald E. Brugger, Dr. E. J. Halas, Roche Psychiatric Service Institute, and Dr. Gary I. Katz and, after reciting the relator's personal history and his mental examination, he diagnosed 'anxiety and depressive neurosis with conversive features, he concluded that '[c]onsidering the chronicity of this patient's multiple physical residuals from both of her injuries along with the fixation degree of her neurosis, further considering all the factors combined together in this case, I find this patient totally and permanently disabled,' and found a direct causal relationship between her two injuries and her psychiatric condition."

in his office. As a psychiatrist, he does not become a non-examining physician merely because the physical conditions examined do not relate to his area of specialization. Dr. Giray, as a licensed physician, was clearly competent to consider relator's physical as well as emotional disabilities. The Court of Appeals erred in failing to consider Dr. Giray's medical report as competent evidence. Finding Dr. Giray to be an examining physician, his report constitutes competent medical evidence. That evidence completely corroborates Dr. Kessler's determination of permanent and total disability.

The majority opinion correctly observes that the reports of Drs. McCloud and Horwitz "cannot constitute evidence to support the commission's finding that appellant is not permanently and totally disabled" and "cannot constitute evidence upon which the commission may rely." The only logical conclusion is that the sole medical evidence upon which the commission may rely is the uncontradicted medical report of Dr. Kessler, finding relator permanently and totally disabled.

However, this court decides that the reports of Drs. McCloud and Horwitz, although these were not evidence "to support the commission's finding" and are not "evidence upon which the commission may rely," are still "relevant and admissible" and constitute "some evidence" that relator is not permanently and totally disabled, citing *State, ex rel. General Motors Corp.*, v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283; *State, ex rel. Capital City Excavating Co.*, v. *Indus. Comm.* (1978), 54 Ohio St. 2d 184, 188-189; *State, ex rel. Dodson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 408, 410.

This kind of convoluted dialogue is self-contradicting. It is another way of stating that no evidence is some evidence. Considerable mental flexibility and dexterity is required even to grasp, let alone accept, such a proposition.

The unjust result reached by the Industrial Commission stems from the "some evidence" rule which grew like Topsy, uncontrolled and unexplained.

This court enunciated the "some evidence" rule in *Dodson, supra,* citing three earlier cases, *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77; *State, ex rel. Capital City Excavating Co.,* v. *Indus. Comm., supra;* and *State, ex rel. General Motors Corp.,* v. *Indus. Comm., supra.*

The *Dodson* opinion extracts the "some evidence" rule out of context from language in *Humble, supra,* at page 79.[6] That language is as follows:

"The law in Ohio is well settled. The determination of disputed factual issues and the interpretation of regulations is within the sound discretion of the Industrial Commission. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 50. This rule is sometimes referred to as the 'some evidence' rule, *i.e.,* where the record contains some evidence to support the commission's factual findings, these findings will not be disturbed. *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283; *State, ex rel. Capital City Excavating Co.,* v. *Indus. Comm.* (1978), 54 Ohio St. 2d 184, 188-189. Mandamus is available only upon a showing of abuse of discretion by the Industrial Commission. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16. Where the *uncontested* evidence shows a violation of a specific safety requirement, the Industrial Commission has abused its discretion and mandamus will be granted. *State, ex rel. Truckey,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 132." (Emphasis added.)

Analyzing that language, the standard actually is that the reviewing court should grant mandamus relief where there is an "abuse of discretion" by the Industrial Commission in its determination of factual issues. The standard requires more than "some insubstantial evidence" having no probative value.

*Dodson,* in creating the "some evidence" rule, also improperly relies upon *Capital City* in which this court affirmed the Industrial Commission ruling that the employer had violated a specific safety requirement. That finding was supported by the record, as was the judgment of the Court of Appeals denying a writ of mandamus to vacate the award. This

---

[6] In *State, ex rel. Humble,* v. *Mark Concepts Inc.* (1979), 60 Ohio St. 2d 77, this court applied the abuse of discretion standard to the Industrial Commission determination that the employer had not violated a specific safety requirement as set forth in the syllabus:

"The Industrial Commission's denial of an employee's application for an additional award for violation of a specific safety requirement constitutes an abuse of discretion where the uncontested evidence shows that an employer has violated a specific safety requirement resulting in injury to an employee. (*State, ex rel. Truckey,* v. *Indus. Comm.* 29 Ohio St. 2d 132, approved and followed.)"

court there applied the mandamus "abuse of discretion" standard, as revealed, at pages 188-189, in the opinion:

"This court will correct factual determinations made by the Industrial Commission only upon a showing of an abuse of discretion. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15; *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200; and, 'where the record contains evidence which supports the commission's factual findings, this court will not disturb that determination,' *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 283."

It should be observed in the foregoing excerpt from *Capital City* this court uses phraseology "evidence" and "abuse of discretion," not the term "some evidence." We must therefore mean substantial, reliable evidence, rather than "some unreliable and trivial evidence" having no probative value.

Likewise, *General Motors* did not rely upon a "some evidence" rule or standard but used the "abuse of discretion" standard in mandamus proceedings in testing the Industrial Commission determinations, as stated, at pages 282-283, in the opinion:

"Appellant contends further that the Industrial Commission's determination that claimant is permanently and totally disabled is unsupported by the evidence, and that such determination constitutes an abuse of discretion. We disagree. This court has often recognized that the determination of disputed factual situations is within the final jurisdiction of the commission, subject to correction by action in mandamus only upon a showing of abuse of discretion. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 278 N.E. 2d 24; * * * ."[7]

---

[7] This court cited and stated, at pages 282-283, in *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, supporting the same legal proposition the following:

"* * * *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200, 207 N.E. 2d 755; *State, ex rel. Allied Wheel Products,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 139 N.E. 2d 41. Thus, where the record contains evidence which supports the commission's factual findings, this court will not disturb that determination. See *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550, 186 N.E. 398; *State, ex rel. Allied Wheel Products,* v. *Indus. Comm., supra; State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128, 279 N.E. 2d 861; *State, ex rel. Breno,* v. *Indus. Comm.* (1973), 34 Ohio St. 2d 227, 298 N.E. 2d 150."

*Dodson* and the three decisions of this court cited therein did not sanction an Industrial Commission determination based upon "some evidence" which is insubstantial. This court never intended to sanction a factual determination of the Industrial Commission based upon flimsy, trivial evidence or on evidence less definite or substantial than is required of state agencies under R. C. 119.12. That provision requires that the order be "supported by reliable, probative and substantial evidence and is in accordance with law." Nor should the standard be more lax than that required of local boards, agencies and officers under R. C. 2506.04, where "[t]he court may find that the order,***is***unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record."

A more accurate statement of the so-called "some evidence" rule, as applied to the facts in this case, is as follows: Where the record before the Industrial Commission contains reliable, probative and substantial evidence in accordance with the law to support a factual finding and determination that a relator is permanently and totally disabled, and there is no evidence to the contrary which meets such standards, a determination of the commission that relator is not permanently and totally disabled is an abuse of discretion by the commission for which the relator will be afforded relief in an action in mandamus. *State, ex rel. Capital City Excavating Co.,* v. *Indus. Comm., supra,* at 188-189; *State, ex rel. General Motors Corp.,* v. *Indus. Comm., supra,* at 282-283.

Since the "some evidence" rule has degenerated to the level where judicial review in a mandamus action is a rubber stamp of approval for any unreasonable, captious and unjust Industrial Commission decision, it is my view that we should revert to the rule contained in the 1979 case of *State, ex rel. Humble,* v. *Mark Concepts, supra,* which in essence holds that a court should grant mandamus relief where there is an "abuse of discretion" by the Industrial Commission in its determination of factual issues. Under this standard relator has a clear right to a writ of mandamus compelling the Industrial Commission to determine that she is permanently and totally disabled. Therefore the Court of Appeals should be reversed, and the writ of mandamus granted.