MEMORANDUM DECISION
Relator, Rhonda Jones-Foust, has filed this original action in mandamus seeking a writ compelling respondent the Industrial Commission of Ohio ("commission"), to vacate its order denying her application for temporary total disability ("TTD") compensation and to issue a new order granting such compensation.
This matter was referred to a court-appointed magistrate, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District. The magistrate has filed a decision, based upon findings of fact and conclusions of law, and has recommended that this court grant a limited writ of mandamus ordering respondent to vacate its order denying relator's application for TTD compensation, and to issue a new order after considering whether certain additional allowed conditions, not previously considered by the commission, entitle relator to such compensation. Respondent has not objected to the magistrate's decision; relator has filed objections to the magistrate's decision, seeking issuance of a full writ of mandamus ordering respondent to award TTD compensation as opposed to the recommendation of a limited writ recommended by the magistrate.
Upon examination of the decision of the magistrate and an independent review of the file, this court adopts the findings of fact and conclusions of law of the magistrate. For the reasons hereinafter stated, relator's objections will be overruled.
Relator sustained a work related injury in 1994, and her claim was originally allowed for "sprain/strain thoracic and lumbosacral spine." TTD compensation was granted from August 24, 1994 through October 31, 1994. Further TTD compensation was granted for the same condition from February 21, 1996 through March 14, 1996. Relator then filed on September 20, 1996, another C-86 motion, seeking payment of further TTD compensation for three additional time periods in 1996, as outlined in the magistrate's decision. This motion was heard before a staff hearing officer ("SHO") of the commission, who denied TTD compensation for the three periods in question, because relator had not proven that she was totally disabled during such periods due to her allowed conditions. The SHO noted that physical therapy records showed treatment for shoulder, neck and lower back although the shoulder and neck injuries were not allowed in the claim.
Relator thereafter filed another C-86 motion seeking allowance of an additional condition for "cervical strain/sprain" and payment of TTD compensation for the three previously claimed periods plus an additional period of November 14, 1996 through March 16, 1997. An SHO granted TTD compensation for the three requested periods in 1996, based upon reports of Dr. Hernandez relating to the aggravation of relator's previously allowed condition, and the additionally allowed condition of "cervical strain." The SHO did not address the issue of payment of TTD compensation from November 14, 1996 through March 16, 1997, leading relator to appeal the SHO's order. On February 22, 1998, the matter was heard before a deputy of the commission, who considered relator's request for the additional allowance for cervical sprain/strain and the payment of TTD compensation both for the periods allowed and disallowed by the SHO. The deputy did allow the additional condition of "cervical strain" based upon the reports of Dr. Hernandez dated July 30, 1996, August 13, 1997 and December 17, 1997. The deputy, however, denied TTD compensation for all different periods wherein it was requested, including the three previously granted by the SHO.
The magistrate noted that the commission's basis for allowing or denying TTD compensation, throughout the extensive procedural history of this case as outlined in the magistrate's decision, is not always easily discernible in the commission orders. After reviewing the entire record including the progress notes of Dr. Hernandez, the magistrate noted the doctor's opinion that relator's work activities had exacerbated her initially allowed condition of "sprain/strain thoracic and lumbosacral spine," and that, once the commission had allowed relator's additional condition of "cervical sprain," the commission had never adequately considered both allowed conditions in connection with the payment of TTD compensation.
Objecting to the commission's report and arguing for a full writ, relator asserts that the record, considered in its entirety, indisputably demonstrates that relator was temporarily and totally disabled during the period for which TTD is sought. However, the gist of the magistrate's decision, which we adopt, is that the commission failed to adequately consider relator's additional allowed cervical condition. Questions of credibility and the weight to be given evidence are clearly within the commission's discretionary powers of fact finding. State ex rel.Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165, 167. Because the commission failed to consider the additional allowed condition, it is inappropriate for this court to assume the fact finding role and assess the evidence pertinent to TTD without allowing the commission to revisit relator's entitlement to such compensation, including the consideration of all factors as set forth in the magistrate's decision. Relator's objections to the magistrate's decision are accordingly overruled, and a limited writ shall issue ordering respondent Industrial Commission to vacate its February 22, 1998 order denying relator's application for TTD compensation and to issue a new order after considering all of relator's allowed conditions.
Objections overruled; limited writ granted.
BROWN and KENNEDY, JJ., concur.