The STATE ex rel. PROFESSIONAL RESTAFFING OF OHIO, INC.

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as *State ex rel. Professional Restaffing of Ohio, Inc. v. Indus. Comm.,* 152 Ohio App.3d 245, 2003-Ohio-1453.]

· Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–696.

Decided March 25, 2003.

Stanley R. Stein;  Richard J. Welt, for relator.

Jim Petro, Attorney General, Erica L. Bass and Stephen Plymale, Assistant Attorneys General, for respondent Industrial Commission of Ohio.

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, for respondent Ramon Stewart.

KLATT, Judge.

{¶ 1} Relator, Professional Restaffing of Ohio, Inc., commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting temporary total disability ("TTD") compensation to respondent, Ramon Stewart ("claimant"), and to deny claimant TTD compensation based upon claimant's voluntarily abandonment of his former position of employment.

{¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law.  (Attached as Appendix A.) The key issue presented was whether the job offer relator made to claimant was for suitable employment within claimant's physical restrictions.  The magistrate found that relator's offer of employment did not meet the requirements of *State ex rel. Coxson v. Dairy Mart Stores of Ohio, Inc.* (2000), 90 Ohio St.3d 428, 739 N.E.2d 324, because the job offer did not identify the position being offered, nor did it describe the duties required of the position.  In the absence of this information, the magistrate concluded that claimant, his doctor, and/or the commission could not determine whether claimant could perform the duties required of the position offered.  Therefore, there was some evidence to support the commission's decision, and the magistrate recommended that relator's request for a writ of mandamus be denied.

{¶ 3} Relator filed objections to the magistrate's decision, arguing that the magistrate misread the *Coxson* decision.  We disagree.  Under *Coxson*, the offer of suitable employment must identify the position offered and generally describe the duties required so that a claimant, his or her physician, and/or the commission can determine whether the required duties are consistent with the medical restrictions.  *Coxson*, supra, 90 Ohio St.3d at 432–433, 739 N.E.2d 324.

{¶ 4} Here, relator offered claimant a "left-handed position" without identifying the specific position or the duties required of that position. Although claimant's medical restrictions relate to the use of his right hand, the job offer extended by relator is not specific enough to allow claimant, his doctor, or the commission to assess whether the job is, in fact, within claimant's restrictions. As noted by *Coxson*, for a job offer to be sufficient to terminate TTD compensation, it must be clear that the job is indeed within claimant's restrictions. The only way to assess this is to know the position being offered and the general nature of the duties required of the position.

{¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we deny the requested writ of mandamus.

Objections overruled
and writ of mandamus denied.

PETREE, P.J., and BROWN, J., concur.

## APPENDIX A

## IN MANDAMUS

## MAGISTRATE'S DECISION

Rendered December 11, 2002

{¶ 6} Relator, Professional Restaffing of Ohio, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting temporary total disability ("TTD") compensation to respondent Ramon Stewart ("claimant") and ordering the commission to deny claimant TTD compensation and to find that claimant voluntarily abandoned his former position of employment.

### Findings of Fact

{¶ 7} 1. Claimant was injured in the course of and arising out of his employment as a factory laborer on October 23, 2000. His claim has been allowed for "fracture middle/proximal phalanx, right hand, thumb."

{¶ 8} 2. Following surgeries on October 23, 2000, and October 24, 2000, claimant's treating physician, Dr. John Robinson, released him to return to one-handed work only on November 16, 2000.

{¶ 9} 3. Claimant returned to work on November 16, 2000.

{¶ 10}  4. On November 20, 2000, claimant reinjured his right hand. Claimant sought medical treatment at the hospital.

{¶ 11}  5. Upon discharge, claimant was instructed that he could return to left-handed work only.

{¶ 12}  6. On November 30, 2000, the company for whom claimant had been working, and relator's client, laid off claimant. Relator paid claimant wages from October 23, 2000, through November 30, 2000.

{¶ 13}  7. On December 1, 2000, relator gave claimant the following written job offer:

{¶ 14}  "Professional Restaffing of Ohio, Inc. has offered Ramon Stewart [a] job that is within the job restrictions set forth by Dr. Robinson. We have a left-handed position in our office starting Monday, December 4, 2000. The rate of pay is $7.75 per hour. Your work hours are 8:30 a.m.—11:30 a.m. And 1:30 p.m.—5:00 p.m. These hours are subject to change with notice."

{¶ 15}  The form offered claimant the opportunity to accept or decline the position.

{¶ 16}  8. Claimant refused the offer.

{¶ 17}  9. On January 11, 2001, claimant submitted a C–84 form signed by Dr. Robinson indicating that claimant was released to one-handed work only on November 16, 2000, and given an estimated return to regular work duties as of February 15, 2001.

{¶ 18}  10.  On March 8, 2001, claimant had a third surgery performed on his right hand. The surgery was performed by Dr. Karl J. Hekimian. Dr. Hekimian certified that claimant could return to light duty work, not involving the use of his right hand, as of April 27, 2001.

{¶ 19}  11.  On August 10, 2001, claimant filed a motion requesting the payment of TTD compensation from December 1, 2000, through the present and to continue upon submission of medical evidence. On September 26, 2001, Dr. Hekimian submitted a C–84 indicating that claimant was temporarily and totally disabled through an estimated return-to-work date of January 1, 2002. The C–84 further indicated that claimant could not use his right hand.

{¶ 20}  12.  The motion was heard before a district hearing officer ("DHO") on November 14, 2001, and resulted in an order denying claimant's application for TTD compensation on the basis that the DHO found that claimant had voluntarily abandoned his former position of employment when he refused to accept a written bona-fide offer of light duty employment on December 1, 2000. The DHO noted that Siegler testified that claimant came into the office on December 1, 2000, and she showed him the written job offer. She indicated further that she

read the job offer to claimant. The DHO also relied upon the testimony of Ms. Herbert, who indicated that she contacted a nurse at Dr. Robinson's office concerning the job and claimant's alleged statement that his doctor had told him he should be on disability.

{¶ 21} 13. Claimant appealed and the matter was heard before a staff hearing officer ("SHO") on January 7, 2002. The SHO vacated the prior DHO order and found that claimant was entitled to TTD compensation as follows:

{¶ 22} "Payment of temporary total compensation is granted for the period of 12/01/2000 through 1/01/2002 and is to continue upon submission of appropriate medical proof. The Staff Hearing Officer finds that the employer's written offer to the claimant of light duty employment, dated 12/01/2000, is not a valid offer of suitable employment such as to bar the payment of temporary total compensation. The Staff Hearing Officer relies on *State ex rel Coxson v. Dairy Mart Stores of Ohio, Inc.* (2000), 90 Ohio St.3d 428, 739 N.E.2d 324. The written offer in the instant claim indicates that the employer has 'a left handed position in our office.' The offer does not identify the specific position offered nor describe its duties. One could 'assume' from the employer's letter that the offer was of a clerical position as it was to be in the offices of Professional Restaffing of Ohio, Inc. However, per testimony at hearing, the employer's offer appears to have been of maintenance-type work as the employer testified that the claimant would be 'sweeping' and 'emptying trash.' As these duties were not identified in the employer's letter, the Staff Hearing Officer finds the offer was not a valid offer of suitable employment, per *Coxson*, such as to bar payment of temporary total compensation. Temporary total compensation is properly payable based on the C–84 forms of Dr. Hekimian, and the undated report of Dr. Robinson (certifying an inability to return to the former position of employment until an estimated date of 2/15/2001). Dr. Hekimian certifies disability after 2/15/2001. Claimant has had surgery for the allowed conditions since his move to Arizona.

{¶ 23} "The Staff Hearing Officer has reviewed and considered all the evidence on file, as well as the testimony at hearing, prior to rendering this decision."

{¶ 24} 14. Further appeal was refused by order of the commission mailed February 12, 2002.

{¶ 25} 15. Thereafter, relator filed the instant mandamus action in this court.

### Conclusions of Law

{¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to

the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.* (1986), 26 Ohio St.3d 76, 26 OBR 66, 497 N.E.2d 70. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.* (1987), 29 Ohio St.3d .56, 29 OBR 438, 505 N.E.2d 962. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 22 O.O.3d 400, 429 N.E.2d 433.

{¶ 27} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. R.C. 4123.56(A) provides that TTD compensation shall not be paid to a claimant during the following periods: (1) when any employee has returned to work, (2) when an employee's treating physician has made a written statement that the employee is capable of returning to the employee's former position of employment, (3) when work within the physical capabilities of the employee is made available by the employer and another employer, or (4) when the employee has reached maximum medical improvement.

{¶ 28} Ohio Adm.Code 4121–3–32(B)(2)(d) provides that TTD compensation may be terminated after a hearing upon a finding by the hearing officer that the employee has received a written job offer of suitable employment.

{¶ 29} At issue in the present case is whether the job offer made to claimant by relator was for suitable employment within claimant's physical restrictions. In addressing that issue, the SHO found that relator's offer of employment did not meet the requirements of *State ex rel. Coxson v. Dairy Mart Stores of Ohio, Inc.* (2000), 90 Ohio St.3d 428, 739 N.E.2d 324. In the *Coxson* case, the Ohio Supreme Court addressed a written job offer that purported to offer work within the claimant's restrictions. In *Coxson,* as in the present case, the job offer made by the employer did not list the actual position being offered, nor did the job offer describe the duties that the claimant would be performing. The court in *Coxson* found that the employer's letters did not identify the position offered or describe its duties and that it was questionable whether those letters could be considered offers of suitable employment. Furthermore, the employer had argued that by promising to offer work within the physical restrictions given by the doctor and offering to work with the physician to modify jobs within those restrictions cures

any deficiency. However, the court found that the difficulty of accepting this argument is that it essentially legitimizes any job offer, no matter how inappropriate, under the guise of later modification.

{¶ 30} In the present case, the job offer made by relator merely states: "[W]e have a left handed position in our office starting Monday, December 4, 2000." The job is not identified nor are the job duties identified. As such, pursuant to *Coxson*, it does not constitute a valid offer of suitable employment. There simply is no way that claimant, his doctor, or the commission could determine that claimant could perform the job offered without the job being identified and without knowing the duties that claimant was expected to perform. The SHO applied *Coxson* to the facts of this case and determined that relator's letter was not an offer of suitable employment and found that claimant was entitled to TTD compensation. The commission's order was based on some evidence, which was identified in the record, and this magistrate finds that the commission properly applied the relevant law. Relator has not demonstrated that the commission abused its discretion.

{¶ 31} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in granting TTD compensation to claimant and relator's request for a writ of mandamus should be denied.

Stephanie Bisca Brooks
Magistrate