DECISION
{¶ 1} Relator, Findlay Industries, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio ("commission"), to vacate its order that granted temporary total disability ("TTD") compensation to respondent, Cheryl Dalton ("claimant"), and ordering the commission to find that claimant is not entitled to TTD compensation for the disputed time period.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that, in rendering its decision, the commission relied upon medical evidence submitted by physicians who were actively treating claimant during the relevant time period and, therefore, it did not matter that neither physician was officially listed as claimant's "physician of record." (Magistrate's Decision at ¶ 18.) No objections have been filed to the magistrate's decision.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the evidence, this court finds there is no error of law or other defect on the face of the magistrate's decision and adopts it as its own. Therefore, the requested writ of mandamus is denied.
Writ of mandamus denied.
Petree and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Findlay Industries, Relator, : v. No. 04AP-256 Industrial Commission of Ohio (REGULAR CALENDAR) and Cheryl Dalton, : Respondents. :
 MAGISTRATE'S DECISION Rendered on July 21, 2004 William W. Johnston, for relator.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 4} Relator, Findlay Industries, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Cheryl Dalton ("claimant") and ordering the commission to find that claimant is not entitled to TTD compensation for that time period.
Findings of Fact:
 {¶ 5} 1. Claimant sustained a work-related injury on May 2, 2002 and her claim has been allowed for: "herniated disc at L5-S1."
 {¶ 6} 2. Between the dates of May 22, 2002 and January 21, 2003, claimant treated with two different physicians: Scott West, D.O., and H. Allen Ferguson, Jr., D.O. The record contains certain relevant documentation from Dr. West dated May 22, June 5, June 7, June 10, August 8, and August 26, 2002. The record contains documentation from Dr. Ferguson dated June 23, August 1, August 27, October 3, October 21, October 22, November 4, December 4, and December 6, 2002, and January 14, and January 21, 2003.
 {¶ 7} 3. On July 29, 2002, claimant filed a notice with the Ohio Bureau of workers' Compensation ("BWC") requesting that her physician of record be changed from Dr. Ferguson to Dr. West. Thereafter, on February 28, 2003, claimant filed a second notice with the BWC requesting to change her physician from Dr. West back to Dr. Ferguson. On March 26, 2003, claimant's authorized representative signed a motion on claimant's behalf requesting payment of TTD from May 22 through May 28, 2002 and from January 11 through January 26, 2003. This motion was filed with the commission on April 2, 2003.
 {¶ 8} 4. In support of claimant's motion for TTD compensation, claimant submitted her medical records in the file, a March 18, 2003 C-84 form completed by Dr. Ferguson certifying that period of TTD compensation as well as medical records from Dr. Ferguson for the time period of August 29, 2002 through January 23, 2003.
 {¶ 9} 5. Claimant's motion was heard before a district hearing officer ("DHO") on June 5, 2003, and resulted in an order granting the motion in part. The DHO ordered TTD compensation paid from January 14 through January 26, 2003, on the basis that claimant was unable to return to work at her position of employment as a factory worker from January 14, 2003, when she first treated with Dr. Ferguson, until she returned to work on January 27, 2003. The DHO relied upon Dr. Ferguson's March 18, 2003 C-84 and his January 14, 2003 office chart record. TTD compensation was denied from May 22 through May 28, 2002, and is not challenged in this action.
 {¶ 10} 6. The employer's appeal was heard before a staff hearing officer ("SHO") on July 28, 2003, and resulted in an order affirming the DHO order. As such, TTD compensation was ordered paid from January 14 through January 26, 2003.
 {¶ 11} 7. Upon further appeal by relator, the commission affirmed the SHO's order. TTD compensation was ordered paid as follows:
All information on file has been reviewed. It is the finding and order of the Industrial Commission that temporary total disability compensation shall be paid for the period of 01/14/2003 through 01/26/2003. This is based on the 01/14/2003 office note and the 03/18/2003 C-84 Report certification of Dr. Ferguson. Dr. Ferguson, the injured worker's family physician, was the "physician of record" in this claim until 07/29/2002, at which time the injured worker changed physicians to Dr. West, a neurosurgical specialist. Dr. West prescribed physical therapy and considered surgical intervention. Surgery was ruled out for the time being, and the injured worker again began seeing Dr. Ferguson for the condition allowed in this claim on 01/14/2003, as is reflected by the office note of that date. On or about 02/28/2003, the injured worker officially switched back to Dr. Ferguson as the "physician of record." On these facts, even though Dr. Ferguson was not the official "physician of record" on 01/14/2003, his certification of temporary total disability from that date through 01/26/2003 is found to be valid and persuasive.
 {¶ 12} Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 13} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 14} Relator raises a single issue in this case and argues that Dr. Ferguson's certification of TTD compensation does not constitute some evidence upon which the commission could rightfully rely because Dr. Ferguson was not the "physician of record" as designated on the C-23 form provided by the BWC during this time period. Relator argues that that portion of R.C.4123.56 which indicates that a self-insured employer is to make payments based upon medical reports of the "attending physician" is synonymous with and requires that the documentation come from the "physician of record" as designated by the BWC. For the reasons that follow, this magistrate disagrees.
 {¶ 15} Relator cites the following portion of R.C. 4123.56
and places emphasis upon the highlighted portion:
* * * In the case of a self-insuring employer, payments shall be for a duration based upon the medical reports of theattending physician. If the employer disputes the attending physician's report, payments may be terminated only upon application and hearing by a district hearing officer pursuant to division (C) of section 4123.511 of the Revised Code. Payments shall continue pending the determination of the matter, however payment shall not be made for the period when any employee has returned to work, when an employee's treating physician has made a written statement that the employee is capable of returning to the employee's former position of employment, when work within the physical capabilities of the employee is made available by the employer or another employer, or when the employee has reached the maximum medical improvement. * * *
(Emphasis added.)
 {¶ 16} Relator contends that the term "attending physician" is synonymous with "physician of record" as is signified on the records of the BWC. However, relator cites no case law in support of this argument. Turning to the Ohio Administrative Code, the magistrate finds that "treating physician" is defined solely for purposes of determining whether a claimant can perform a job listed in a written job offer made to an employee by the employer in Ohio Adm. Code 4121-3-32(A)(4) as follows:
"Treating physician" means the employee's attending physician of record on the date of the job offer, in the event of a written job offer to an employee by an employer. If the claimant requested a change of doctors prior to the job offer and in the event that such request is approved, the new doctor is the treating physician.
 {¶ 17} It is reasonable to expect that a "physician of record" is also a "treating physician" as well as an "attending physician." However, it is also apparent that a "treating physician," or an "attending physician" may or may not be the "physician of record." For instance, an employee can have a "physician of record" who refers them to a specialist for treatment. That specialist would become a "treating physician" and an "attending physician" but might never become a "physician of record." The credibility of their examinations and their reports would be solely for the commission to determine. Obviously, neither a "physician of record," a "treating physician," nor an "attending physician" can render an opinion with regard to an employee's condition if that doctor has not seen the employee on a regular basis during the relevant time period at issue.
 {¶ 18} In the present case, the record establishes that both Drs. West and Ferguson saw claimant on a regular basis between May 22 and August 26, 2002, when, according to the records submitted as evidence, claimant last treated with Dr. West. Both were "treating physicians" and "attending physicians." The record is clear that claimant saw Dr. Ferguson and received treatment from him on a regular basis from October 27, 2002 through January 21, 2003. As such, the record is clear that, despite the fact that on January 29, 2002, claimant requested that her "physician of record" be changed from Dr. Ferguson to Dr. West and on February 28, 2003, requested that her "physician of record" be changed from Dr. West back to Dr. Ferguson, claimant had treated regularly with both doctors. As such, both Drs. West and Ferguson were "treating physicians" and "attending physicians" even though, at various points in time, they were not also claimant's "physician of record."
 {¶ 19} It is within the province of the commission to judge the credibility of the evidence before it and to weigh the evidence. In the present case, this magistrate finds that relator has not demonstrated that the commission abused its discretion by relying upon medical evidence submitted by physicians who were actively treating her during the relevant time period and that the commission did not abuse its discretion by relying upon medical evidence by those doctors at a time when they were not officially listed as her "physician of record." Dr. Ferguson treated relator during the relevant time period, and the commission found his office note and C-84 credible.
 {¶ 20} Accordingly, it is this magistrate's decision that relator has not demonstrated an entitlement to a writ of mandamus and this court should deny the request writ.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE