THE STATE EX REL. ROHR, APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Rohr v. Indus. Comm.*,

126 Ohio St.3d 259, 2010-Ohio-3756.]

*Workers' compensation — Permanent total disability compensation — Industrial*
*Commission's exercise of continuing jurisdiction — New and changed*
*circumstances.*

(No. 2010-0083 — Submitted July 6, 2010 — Decided August 18, 2010.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-94,

2009-Ohio-6416.

_____

**Per Curiam**.

{¶ 1}  Appellant, Jeffrey T. Rohr, was awarded permanent total disability compensation.  After three years, appellee Industrial Commission of Ohio exercised its continuing jurisdiction and ordered Rohr to undergo a medical examination to determine whether he was still permanently and totally disabled. Rohr challenges that decision.

{¶ 2}  Rohr's 2004 permanent total disability award was based on his allowed psychological conditions — "major depressive episode, recurrent, moderate severity; dysthymic disorder."  In finding that these conditions prevented sustained remunerative employment, a staff hearing officer relied on the reports of Drs. Steven B. Van Auken and Gregg A. Martin.

{¶ 3}  Both psychologists described Rohr as expressionless with noticeably slowed speech and a flat affect.  Van Auken noted that Rohr's "tonal quality suggested a mechanical, robotic mode of speech."  He also characterized Rohr as "resigned [and] dispirited. His [Rohr's] short-term memory appeared

unreliable; he was able to recall none of three objects after five minutes. His long-term memory appeared questionable * * *. His concentration appeared quite negatively impacted * * *."

{¶ 4} Dr. Martin made similar statements and added that Rohr's speech was "notable for mild to moderate dysfluencies with considerable word finding hesitations and very slow output."

{¶ 5} In 2007, Rohr's employer, appellee Gerstenslager Company, hired an investigator to initiate surveillance of Rohr. When Gerstenslager reviewed the surveillance evidence, it questioned whether Rohr was still permanently and totally disabled and asked him to submit to further medical examination. Rohr refused.

{¶ 6} Gerstenslager then asked the commission to exercise its continuing jurisdiction and order Rohr to attend an independent medical exam. A staff hearing officer reviewed the surveillance evidence and contrasted what he saw with the observations made by Dr. Van Auken in 2004:

{¶ 7} "The employer presented a CD of an investigation performed by a Mr. Walters who was at hearing and as part of said investigation, Mr. Walters engaged in a verbal conversation with the claimant in which the claimant was heard by this Hearing Officer and showed that the claimant's speech was clear, cogent and goal oriented.

{¶ 8} "The Hearing Officer further finds that in said conversation the claimant experienced remarkably well short-term and remarkably well long-term memory in speaking to the investigator concerning his neighbors, the length of time that the neighbors have owned certain property, what property was owned and by whom. The Hearing Officer further finds that the speech was normal in its flow and in no way 'noticeably slowed and paced' as indicated by Dr. Van Auken in the report of 09/14/2004, and that the claimant showed a mode of speech that was hardly mechanical or robotic.

{¶ 9} " * * *

{¶ 10} "The Hearing Officer finds that * * * [these] activities along with the huge discrepancy between the conversation that was heard by this Hearing Officer and the examination by Dr. Van Auken in September, 2004 necessitates the granting of the employer's motion to have the claimant re-examined by a doctor examining on the allowed psychological conditions to determine whether the claimant is still permanently and totally disabled."

{¶ 11} Reconsideration was denied.

{¶ 12} Rohr filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in ordering him to attend the psychological examination. The court of appeals found that the commission's decision was supported by evidence and denied the writ.

{¶ 13} Rohr now appeals to this court as of right.

{¶ 14} The commission can invoke its continuing jurisdiction under R.C. 4123.52 when one of the following exists: (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 541-542, 605 N.E.2d 372. Gerstenslager presented evidence that suggested that Rohr's previously disabling psychological conditions had significantly improved. The commission found that this evidence demonstrated new and changed circumstances sufficient to exercise continuing jurisdiction and ordered Rohr to appear for a medical examination.

{¶ 15} The commission is exclusively responsible for evaluating evidentiary weight and credibility, *State ex rel. Teece v. Indus. Comm.* (1981), 68 Ohio St.2d 165, 22 O.O.3d 400, 429 N.E.2d 433, and as long as there is evidence supporting its order, the order must be upheld, *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 21, 31 OBR 70, 508 N.E.2d 936. Rohr concedes that the surveillance packet constituted evidence of new and changed

circumstances. He argues, however, that the surveillance evidence is not as significant as it was in *State ex rel. Spohn v. Indus. Comm.,* 115 Ohio St.3d 329, 2007-Ohio-5027, 875 N.E.2d 52, and thus does not warrant termination of his permanent total disability compensation. This argument, however, is premature. The issue in this case is simply whether the commission properly exercised its continuing jurisdiction to order Rohr to be medically examined. Whether the present claimant remains permanently and totally disabled — which was the issue in *Spohn* — will be a determination that the commission will make after Rohr is medically examined.

{¶ 16} The judgment of the court of appeals is affirmed.

Judgment affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

M. Blake Stone, L.P.A., Inc., and M. Blake Stone, for appellant.

Critchfield, Critchfield & Johnston, Ltd., and Susan E. Baker, for appellee Gerstenslager Company.

Richard Cordray, Attorney General, and Colleen C. Erdman, Assistant Attorney General, for appellee Industrial Commission.

_____