Per Curiam.
{¶ 1} At issue is appellant Maria Marrero’s request for wage-loss compensation. Marrero was injured in the course of her employment with Oakridge Home, a nursing facility owned by appellee Life Care Centers of America, Inc. While the injury prevented a return to her former position of employment as a nurse’s aide, it did not prevent her from doing light-duty work.
{¶ 2} Marrero soon began working a light-duty job at Oakridge. Over the next several months, Marrero rarely worked a 40-hour week, resulting in a weekly income that was less than it was before her injury. Based on her diminished earnings, Marrero sought to make up the difference and applied for wage-loss compensation.
{¶ 3} The Bureau of Workers’ Compensation granted Marrero’s application, and Life Care appealed to appellee Industrial Commission of Ohio. The commission denied wage-loss compensation because Marrero did not perform a good-faith job search, and the Court of Appeals for Franklin County, in mandamus, upheld that decision. State ex rel. Marrero v. Indus. Comm., Franklin App. No. 08AP-922, 2009-Ohio-4382, 2009 WL 2623784, ¶ 13.
{¶ 4} Marrero now appeals as of right to this court.
{¶ 5} R.C. 4123.56(B)(1) wage-loss compensation is intended for claimants who are medically unable to return to their former positions of employment but who can do other work. State ex rel. Ellis Super Valu, Inc. v. Indus. Comm., 115 Ohio St.3d 224, 2007-Ohio-4920, 874 N.E.2d 780, ¶ 11. It encourages a return to the workforce by paying a percentage of the difference between preinjury and postinjury wages in the event that the claimant’s postinjury earnings are less than before due to the injury. Id.
*440 {¶ 6} Under Ohio Adm.Code 4125-l-01(D)(l)(c), claimants who are seeking working-wage-loss compensation must show proof of a good-faith search for work within his or her medical and vocational capabilities that has pay comparable to that of the former position of employment. Marrero concedes that she did not perform a job search. She insists, however, that her failure to do so is excused by Life Care’s failure to act in good faith. Marrero alleges that Life Care offered her full-time, light-duty employment, which she accepted. She then accuses Life Care of effectively reneging on its offer through selective scheduling that gave her only part-time hours. Marrero argues that Life Care’s selective scheduling not only limited her income but prevented her from seeking other work.
{¶ 7} For a writ of mandamus to issue, Marrero must demonstrate that she has a clear legal right to the relief sought. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165, 167, 22 O.O.3d 400, 429 N.E.2d 433. In this case, Marrero’s allegation of bad faith is not supported by the record. First, there is no evidence that Life Care offered Marrero full-time, light-duty work. There is no written job offer of record, and we do not find that Marrero’s handwritten record of hours worked constitutes evidence of an offer of full-time, light-duty work. That document simply corroborates other evidence that Marrero worked less than full time. We note, moreover, a February 8, 2008 letter to Marrero from Oakridge that specifically states, “[W]e do not have permanent ‘light duty’ assignments * * Lacking any evidence of misrepresentation on Life Care’s part, we decline to find that Life Care misled Marrero into forgoing a job search.
{¶ 8} Equally untenable is Marrero’s claim that her schedule prevented a search for other work. Marrero alleges that she could be added to or removed from the daily schedule without warning, a circumstance that prevented her from committing to an additional part-time job that could ameliorate her wage loss. This situation, she contends, rendered a job search pointless. Her argument, however, assumes that the only way to diminish her wage loss was by taking a second part-time job. It ignores the possibility that had Marrero done a job search, she might have found more satisfactory full-time work elsewhere. And because she worked third shift, any assertion that her hours — erratic or otherwise — prevented her from effectively looking for other work is baseless.
{¶ 9} The judgment of the court of appeals is affirmed.
Judgment affirmed.
O’Connor, O’Donnell, Lanzinger, and Cupp, JJ., concur.
Brown, C.J., and Pfeifer and Lundberg Stratton, JJ., dissent.