DECISION
{¶ 1} Relator, Marian I. Crowe, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying relator's request to recalculate the start date for her award of permanent total disability compensation and to find that she is entitled to commencement of permanent total disability compensation on August 29, 2003.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision the magistrate concluded the Industrial Commission did not abuse its discretion in beginning relator's permanent total disability compensation as of the May 26, 2004 report of Dr. Dunne and in refusing to begin compensation as of August 29, 2003. Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator filed objections to the magistrate's findings of fact and conclusions of law. Relator, however, does not specify any error in the magistrate's findings of fact. Rather, relator states the issue to be "whether the Industrial Commission properly took into consideration the C-1-A form." (Objections, at 2.)
 {¶ 4} In support her objections, relator cites the following from the January 31, 2005 staff hearing officer order:
The injured worker's counsel's request for permanent total disability benefits to be commenced on 8/29/03, the date of Dr. Jones' C-140, in denied in that no where [sic] in said C-1-Adoes it indicate the injured worker is permanently totallydisabled * * *.
(Emphasis sic.) Relator points out that the C-1-A in fact addresses permanent total disability: in response to a printed inquiry whether the injury has resulted in permanent total disability, Dr. Jones checked the "yes" box.
 {¶ 5} Contrary to relator's objections, the staff hearing officer's order states "nowhere in said C-140 does he indicate that the injured worker is permanently totally disabled." (Emphasis sic.) We acknowledge that the staff hearing officer arguably has the wrong date for the C-140, as the record suggests Dr. Jones completed a C-1-A on August 29, 2003, and the C-140 on August 27, 2003. The staff hearing officer, however, is correct that the C-140 nowhere states that the injured worker is permanently and totally disabled.
 {¶ 6} In the end, relator's objections are resolved in the staff hearing officer's accurate conclusion that Dr. Dunne's May 26, 2004 report is the first reliable medical report indicating the injured worker is permanently and totally disabled. Although the C-1-A Dr. Jones completed indicates through the checked box that relator has suffered an injury resulting in permanent total disability, the C-140 he completed suggests relator is capable of sedentary employment. Given the inconsistency, the staff hearing officer properly could reject Dr. Jones' C-1-A and C-140. Moreover, Dr. Jones' explanation on the C-1-A for his conclusion that relator is permanently and totally disabled states that "she is never going to get better and removing hardware will just make it worse." Such explanation does not support a finding of permanent total disability compensation, as it does not address relator's ability to engage in sustained remunerative employment.
 {¶ 7} As a result, the Industrial Commission did not abuse its discretion in denying relator's motion to alter the starting date for her permanent total disability compensation. Relator's objections are overruled.
 {¶ 8} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ denied.
Petree and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Marian I. Crowe, : Relator, : :
v. : No. 05AP-349 :
Industrial Commission of Ohio : (REGULAR CALENDAR) and City of Warren, : Respondents. :
 MAGISTRATE'S DECISION Rendered on September 27, 2005 Urban Co., L.P.A, and Anthony P. Christine, for relator.
Jim Petro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 9} Relator, Marian I. Crowe, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's request to recalculate the start date for her award of permanent total disability ("PTD") compensation and ordering the commission to find that she is entitled to have her PTD compensation begin on August 29, 2003.
Findings of Fact:
 {¶ 10} 1. Relator sustained a work-related injury on March 15, 2000, and her claim has been allowed for:
Sprain of knee leg nec left meniscus; tear medial meniscus knee — current left; aggravation of pre-existing medial meniscus tear, right knee; iatrogenic pulmonary embolism infarction right, venous thrombosis nec right; stress fracture left leg; sprain thoracic region, sprain lumbar region, sprain of sacrum, sprain sacroiliac nos, somatic dysfunction lumbar, somatic dysfunction thoracic, somatic dysfunction sacral; reflex sympathetic dystrophy of the lower extremities.
 {¶ 11} 2. Relator was examined by Dr. Ken Jones in August 2003. Apparently, at that time, Dr. Jones completed a C-1-A form indicating that relator was disabled, Dr. Jones checked boxes indicating that relator's injury had resulted in permanent partial disability and that her injury had resulted in permanent total disability. Dr. Jones indicated that relator "is never going to get better and removing hardware will just make it worse." Dr. Jones further noted that no further treatment was warranted at this time.
 {¶ 12} 3. On or about the same day, Dr. Jones completed an occupational activity form indicating that relator could sit for eight hours, stand and walk for one hour; occasionally bend, continuously reach, but never squat, crawl or climb; could continuously lift up to ten pounds, but never lift over ten pounds; could continuously carry up to ten pounds, but never lift/carry over ten pounds; she was unrestricted in the use of her hands for repetitious action, could use her right foot in repetitive movements of leg controls, but could not use her left leg; and noted that relator's restrictions were permanent.
 {¶ 13} 4. Relator was examined by John L. Dunne, D.O., who issued a report dated May 26, 2004. After providing his physical findings, Dr. Dunne opined that relator had reached maximum medical improvement, assessed a 35 percent impairment for her allowed conditions, and concluded that she was unable to participate in any physical work activity.
 {¶ 14} 5. In a tentative order mailed June 17, 2004, a staff hearing officer ("SHO") determined that relator was entitled to PTD compensation beginning May 6, 2004, the date of Dr. Dunne's report.
 {¶ 15} 6. On September 1, 2004, relator filed a request to have the start date for PTD benefits begin August 29, 2003, the date of Dr. Jones' C-1-A form.
 {¶ 16} 7. In an order dated January 31, 2005, the SHO denied relator's request as follows:
It is the finding of the Staff Hearing Officer that Permanent Total Disability benefits are to commence 5/26/2004, the date of Dr. Dunne's report which is the first reliable medical report indicating the injured worker is permanently totally disabled. The injured worker's counsel's request for permanent total benefits to be commence [sic] 8/29/2003, the date of Dr. Jones's C-140 is denied in that nowhere in said C-140 does he indicate that the injured worker is permanently totally disabled and that there is no medical evidence of permanent total disability until the report of Dr. Dunne dated 5/26/2004.
Accordingly, claimant's motion is denied in its entirety.
This order is based on a review of the C-140 on file from Dr. Jones (claimant's attending physician) as well as narrative report on file dated 5/26/2004 from Dr. Dunne (state specialist).
 {¶ 17} 8. Relator's request for reconsideration was denied by order of the commission mailed March 17, 2005.
 {¶ 18} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 20} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 21} Relator raises a single issue in this mandamus action: relator contends that the commission abused its discretion by denying her request that her PTD compensation begin August 29, 2003, the date that relator indicates her treating physician opined that she was permanently and totally disabled. The commission denied relator's motion and concluded that May 26, 2004 was the appropriate start date for PTD compensation as that was the date of Dr. Dunne's report which is the first reliable medical report indicating that relator is permanently and totally disabled. For the reasons that follow, the magistrate finds that relator's request for a writ of mandamus should be denied.
 {¶ 22} Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Teece, supra. Clearly, in his May 26, 2004 report, Dr. Dunne opined that relator was unable to participate in any physical work activity. Turning to Dr. Jones' C-1-A form, the magistrate notes again that Dr. Jones indicated that relator's injury had resulted in a permanent partial disability as well as permanent total disability and that she was never going to get better. Nowhere on that form did Dr. Jones indicate that relator was not able to work. Dr. Jones did complete a physical capacities evaluation which seemingly indicates that relator could perform sedentary work. Sedentary work is defined in Ohio Adm. Code 4121-3-34(B)(2) as follows:
(a) "Sedentary work" means exerting up to ten pounds of force occasionally (occasionally: activity or condition exists up to one-third of the time) and/or a negligible amount of force frequently (frequently: activity or condition exists from one-third to two-thirds of the time) to lift, carry, push, pull, or otherwise move objects. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
 {¶ 23} Dr. Jones indicated that relator could lift or carry up to ten pounds continuously. In order to qualify as being capable of performing sedentary work, an injured worker must be able to exert up to ten pounds of force occasionally, or lift, carry, push, pull or otherwise move up to ten pounds. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met. Based upon Dr. Jones' physical capacities evaluation, relator could have qualified for some sedentary forms of work activity. As such, the magistrate finds that relator has not established that the commission abused its discretion.
 {¶ 24} Based on the foregoing, it is the magistrate's decision that relator has not demonstrated that the commission abused its discretion by beginning her PTD compensation as of the May 26, 2004 report of Dr. Dunne and that the commission did not abuse its discretion by denying relator's motion to begin her PTD compensation as of August 29, 2003. As such, relator's request for a writ of mandamus should be denied.