DECISION
{¶ 1} Relator, Ludwig Hornis, filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied relator wage-loss compensation on the grounds that the Lucas County Court of Common Pleas had determined by judgment entry dated May 16, 2005, that relator had not developed "herniated disc L4-L5" as a direct and proximate result of an injury sustained September 12, 2000, while relator was employed by respondent, Cassens Transport Company ("employer"), and ordering the commission to find that he is entitled to wage-loss compensation and to order compensation paid in accordance with the judgment entry of this court filed February 25, 2005, in State ex rel. Cassens Transport Co. v.Indus. Comm., Franklin App. No. 04AP-16, 2005-Ohio-746.
 {¶ 2} This action was referred to a magistrate of this court who, on April 20, 2006, rendered a decision containing findings of fact and conclusions of law based upon which the magistrate found that relator had not demonstrated the commission abused its discretion by denying him wage-loss compensation and that relator's request for a writ of mandamus should be denied. (Attached as Appendix A.)
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} As provided by Civ.R. 53(E)(4)(a), applicable to this court by Loc.R. 12(M)(1), the magistrate's decision is effective when adopted by this court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 {¶ 5} Upon reviewing the magistrate's decision, we find that there is no error of law or other defect on the face of the decision. The findings of fact which are uncontested and the conclusions of law which are facially error free fully support the magistrate's findings that relator's request for a writ of mandamus should be denied.
 {¶ 6} The magistrate's decision is therefore adopted by this court as its own, and relator's request for a writ of mandamus is denied.
Writ denied.
Brown and French, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Ludwig Hornis, :
Relator, :
v. : No. 05AP-998
Industrial Commission of Ohio : and Cassens Transport Co., :
Respondents. :
 MAGISTRATE'S DECISION Rendered on April 20, 2006 Pencheff Fraley Co., L.P.A., Amanda B. Brown and Joseph A.Fraley, for relator.
Jim Petro, Attorney General, and Andrew J. Alatis, for respondent Industrial Commission of Ohio.
Schottenstein, Zox Dunn, Corey V. Crognale and MeghanDargay Majernik, for respondent Cassens Transport Co.
 IN MANDAMUS {¶ 7} Relator, Ludwig Hornis, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator wage loss compensation on the grounds that the Lucas County Court of Common Pleas had determined, by judgment entry dated May 16, 2005, that relator had not developed "herniated disc L4-L5" as a direct and proximate result of any injury sustained September 12, 2000, while relator was employed by respondent Cassens Transport Company ("employer"), and ordering the commission to find that he is entitled to wage loss compensation and to order compensation paid in accordance with the judgment entry of this court filed February 25, 2005, in State ex rel. Cassens Transport Co. v.Indus. Comm., Franklin App. No. 04AP-16, 2005-Ohio-746.
Findings of Fact:
 {¶ 8} 1. Relator sustained a work-related injury on September 12, 2000.
 {¶ 9} 2. The employer, a self-insured employer, originally certified relator's claim for "lumbar sprain."
 {¶ 10} 3. Later, relator sought to have his claim additionally allowed for the condition of "herniated disc L4-5." In support of that motion, relator attached the June 2, 2001 report of Gale A. Hazen, M.D., and a May 7, 2001 MRI report. In his June 2, 2001 report, Dr. Hazen opined:
Mr. Hornis underwent urgent surgery to his spine on 05-10-01 because of a herniated disc related to an injury of 09-12-00. This is within a reasonable degree of medical probability and certainty. * * *
On May 10, 2001[,] he underwent left L4-5 microdissection discectomy, lysis of scar, and interbody bone fusion. He is still in the recovery phases of that operation, but overall is improved. It is quite clear that as a result of that injury of 09-12-00[,] he had an injury to that L4-5 disc, which allowed disc material to extruded [sic] from between the bodies of bone compressing the nerve on the left side. * * *
 {¶ 11} 4. The commission ultimately determined, based in part upon Dr. Hazen's report and the May 7, 2001 MRI, that relator's condition of herniated disc at L4-5 was causally related to his claim.
 {¶ 12} 5. The employer filed an appeal from this decision in the Lucas County Court of Common Pleas.
 {¶ 13} 6. While the appeal was pending, relator filed a motion for wage loss compensation, which ultimately was granted to a certain extent.
 {¶ 14} 7. The employer filed a mandamus action in this court related to the commission's allowance of wage loss compensation and this court ultimately concluded that relator had voluntarily limited the number of hours that he was working and that he was not entitled to wage loss compensation based upon the standard formula. This court issued a writ of mandamus directing the commission to vacate the prior order awarding relator working wage loss compensation and ordered the commission to readjudicate the matter in accordance with the alternative formula provided in Ohio Adm. Code 4125-1-01(F)(3)(b).
 {¶ 15} 8. The matter was rescheduled and heard before a staff hearing officer ("SHO") on May 18, 2005, and resulted in an order awarding relator a certain amount of wage loss compensation.
 {¶ 16} 9. The employer's appeal following the allowance of relator's claim for herniated disc at L4-5 was ultimately heard before a jury in April 2005 and, by judgment entry filed May 16, 2005, the Lucas County Court of Common Pleas determined that relator was not entitled to participate in the workers' compensation system for the condition described as herniated disc at L4-5.
 {¶ 17} 10. Based upon the determination of the Lucas County Court of Common Pleas, the employer appealed from the May 18, 2005 SHO's order granting relator wage loss compensation to claimant. The matter was heard before a deputy of the commission on June 29, 2005, and resulted in an order denying relator wage loss compensation as follows:
It is the finding of the Deputy that the employer's appeal, filed 05/31/2005, is granted to the extent of this order. It is further the finding of the Deputy that working wage loss compensation is denied from 12/13/2002 through 08/02/2003 (closed period). The injured worker's request for working wage loss is based on a condition (herniated disc L4-5) that was specifically denied by the Lucas County Court of Common Pleas in their judgment entry filed 05/16/2005.
This order is based on the judgment entry from the Court of Common Pleas, Lucas County, Ohio filed 05/16/2005, the judgment entry and attached decision from the Franklin County Court of Appeals dated 02/25/2005 and the medical reports and notes from Dr. Roger Arumugan and Dr. Gale Hazen.
It is the finding of the Deputy that under R.C. 4123.56(B) and O.A.C. 4125-1-01 working wage loss can be awarded only when certain elements of medical proof are filed which establish a proximate relationship between the allowed conditions in a claim and the requested loss wages. The wage loss must have been proximately caused by limited physical capabilities from the allowed conditions. This proximate relationship was not established. In the instant claim, the Court of Common Pleas from Lucas County disallowed the significant condition of "herniated disc L4-5." Because this condition was disallowed, it would foreclose an award for wage loss based upon the findings of Dr. Arumugan and the preceding findings of Dr. Hazen. It is noted that the injured worker has received no less than two surgeries on his low back to correct the defects and apparently they have not been successful. Dr. Arumugan mentioned in his impairment report, signed office notes and other evidence that the injured worker suffered from intractable low back pain due to his herniated discs and two surgeries. Therefore, the request for working wage loss cannot be awarded because of the aforementioned evidence.
 {¶ 18} 11. Thereafter, relator filed the instant mandamus action arguing that the commission abused its discretion by not finding that he was entitled to wage loss compensation pursuant to this court's judgment entry ordering the commission to redetermine relator's wage loss compensation and that the commission abused its discretion by considering the fact that the Lucas County Court of Common Pleas ultimately determined that he was not entitled to participate for the condition of herniated disc L4-5.
Conclusions of Law:
 {¶ 19} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 21} In this mandamus action, relator asserts that the commission abused its discretion by ultimately denying his motion for wage loss compensation after the Lucas County Court of Common Pleas determined that relator was not entitled to participate in the workers' compensation system for the condition of "herniated disc L4-5," and argues that the commission was required to award him wage loss compensation, pursuant to this court's earlier decision and entry instructing the commission how to determine the amount of wage loss compensation payable to relator. Relator contends that, because his claim had been allowed for "herniated disc L4-5" at the time he applied for wage loss compensation, the fact that the Lucas County Court of Common Pleas later determined that he was not entitled to participate in the workers' compensation system for that condition is completely irrelevant.
 {¶ 22} Looking back at the medical documentation relator submitted in support of his motion for wage loss compensation, it is plainly apparent that Dr. Hazen was treating relator for the herniated disc L4-5 and that the restrictions he placed upon relator were due to that allowed condition. The April 17, 2003 report of Dr. Arumugan does not give the same detail as the report of Dr. Hazen because the report of Dr. Arumugan consists of only a physical capacities evaluation. Dr. Arumugan did not indicate, on the form, the allowed conditions disabling relator. The commission had to determine whether or not Dr. Arumugan's opinion that relator had certain restrictions was based upon the condition of herniated disc L4-5 or the originally allowed condition of lumbar sprain. Given that Dr. Arumugan's office notes indicate the severe pain relator continued to have, it was not an abuse of discretion for the commission to refuse to rely on his report since it was based upon conditions which were not allowed in the claim.
 {¶ 23} Because it has been determined by the Lucas County Court of Common Pleas that relator did not sustain a herniated disc at L4-5 as a direct and proximate result of the industrial injury, no compensation could be awarded to relator based upon any medical reports asserting disability based upon that previously allowed and now completely disallowed condition. As such, relator is mistaken to argue that the commission was required to grant him wage loss compensation because the commission had, at one time, allowed his claim for herniated disc L4-5. When the Lucas County Court of Common Pleas found that relator did not sustain a herniated disc at L4-5 as a direct and proximate result of the industrial injury, relator was not qualified to receive any compensation based upon that condition. Pursuant to R.C. 4123.52, the decision and entry of the Lucas County Court of Common Pleas would constitute a new and changed circumstance which would permit the commission to exercise its continuing jurisdiction, review the prior SHO order granting wage loss compensation, vacate that order and find that relator was not entitled to the compensation.
 {¶ 24} Based on the foregoing, this magistrate finds that relator has not demonstrated that the commission abused its discretion by denying him wage loss compensation and relator's request for a writ of mandamus should be denied.
 /s/ Stephanie Bisca Brooks
_________________________________________ STEPHANIE BISCA BROOKS MAGISTRATE