OPINION
{¶ 1} Relator, City of Newark, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which awarded temporary total disability ("TTD") compensation to respondent, Hugh Friel, and ordered the first 12 weeks of compensation to be paid at 72 percent of claimant's full weekly wage ("FWW"). Relator seeks a writ of mandamus ordering the commission to grant said benefits at the rate of 66 2/3 percent of the claimant's average weekly wage.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision. Relator's primary contention is that the commission's recent change in policy relating to salary continuation no longer supports the decision of its hearing officer in the present case, and, therefore, the magistrate was required to have found that the hearing officer's interpretation of the relevant statute constituted an abuse of discretion. We disagree.
 {¶ 4} In the instant case, a staff hearing officer ("SHO") issued a decision on July 19, 2005, in which the SHO found that the language in R.C. 4123.56 does not "plainly state how to construe the first 12 weeks of compensation where a longer, earlier period was not compensated, even though the claimant was medically temporarily and totally disabled, because of a wage continuation." The SHO ultimately determined that the first 12 weeks of claimant's TTD compensation was to be paid at the rate of 72 percent of his FWW. On August 11, 2005, the commission refused further appeal.
 {¶ 5} Subsequently, on May 10, 2006, as noted by the magistrate in her decision, the commission issued Memo C4, now instructing its hearing officers to consider any period of wages paid by an employer to an injured worker during a period of TTD as part of the first 12 weeks of disability. While the magistrate recognized that "[t]he commission no longer supports the decision of the SHO in this case," the magistrate disagreed with relator's contention that the commission abused its discretion, finding in part that "[t]he fact that the commission has changed its position on this issue lends credence to the argument that an ambiguity exists[.]"
 {¶ 6} We reject relator's contention that a change of policy by an agency such as the commission necessarily renders its prior interpretation invalid as an abuse of discretion. The United States Supreme Court has noted that "`[a]n initial agency interpretation is not instantly carved in stone.'" Natl. Cable Telecommunications Assn. v. Brand X Internet Servs. (2005),545 U.S. 967, 125 S.Ct. 2688, 2700, quoting Chevron U.S.A., Inc. v.Natural Resources Defense Council, Inc. (1984), 467 U.S. 837,104 S.Ct. 2778. This is especially so where there exist statutory "ambiguities * * * within an agency's jurisdiction to administer," leaving the agency with authority to "fill the statutory gap in reasonable fashion." Natl. Cable, at 2699. The Ohio Supreme Court has similarly recognized that "[a] court must give due deference to the agency's reasonable interpretation of the legislative scheme." Northwestern Ohio Bldg. Constr.Trades Council v. Conrad (2001), 92 Ohio St.3d 282, 287.
 {¶ 7} In the present case, the magistrate essentially agreed with the SHO's determination that there was ambiguity in the manner in which the statute could be interpreted, and that the SHO's determination was not unreasonable, even though the commission later changed its policy. Upon review, we similarly find no abuse of discretion by the commission.
 {¶ 8} Based upon an independent review of the evidence, relator's objections to the magistrate's decision are overruled, and we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
Klatt, P.J., and French, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : City of Newark, : :
Relator : v. : No. 05AP-1118 :
Industrial Commission of Ohio : and Hugh Friel, : Respondents. :
 MAGISTRATE'S DECISION Rendered on June 15, 2006 Gibson Robbins-Penniman, and J. Miles Gibson, for relator.
Jim Petro, Attorney General, and Charissa D. Payer, for respondent Industrial Commission of Ohio.
Agee, Clymer, Mitchell Laret, Eric B. Cameron, C. RussellCanestraro and Robert M. Robinson, for respondent Hugh Friel.
 IN MANDAMUS {¶ 9} Relator, City of Newark, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which awarded temporary total disability ("TTD") Relator, compensation to respondent Hugh Friel ("claimant") and ordered that the first 12 weeks of that compensation be paid at 72 percent of claimant's full weekly wage ("FWW"). Relator argues that the commission should order that any TTD compensation paid be paid at 66 2/3 percent of claimant's average weekly wage ("AWW").
Findings of Fact:
 {¶ 10} 1. Claimant sustained a work-related injury on March 15, 2004, and his claim was ultimately allowed for the following conditions: "contusion right hip; sprain left knee and leg; contusion right ankle; sprain right ankle; concussion; abrasion left knee; contusion of interior medial, left knee, tear medial meniscus of left knee; aggravation of pre-existing degenerative disc disease at C3-4, C4-5 and C5-6; GI bleeding."
 {¶ 11} 2. Relator chose to pay claimant his full wages from the date of his injury through December 9, 2004. While there were two brief periods of light-duty and/or part-time work, relator chose to pay claimant his full wages instead of other compensation for more than 35 weeks.
 {¶ 12} 3. On February 4, 2005, the Ohio Bureau of Workers' Compensation ("BWC") set claimant's FWW at $852 and determined that the first 12 weeks of TTD compensation would be payable at a rate of $613.44 which represents 72 percent of claimant's FWW. The BWC also determined that claimant's AWW was $810.19 and that additional TTD compensation, beyond the first 12 weeks, would be payable at a rate of $540.13 which represents 66 2/3 percent of claimant's AWW.
 {¶ 13} 4. Thereafter, claimant filed an application for TTD compensation supported by the C-84 of his treating physician, Steven Altic, D.O.
 {¶ 14} 5. The matter was heard before the BWC and, in an order mailed February 7, 2005, the BWC determined that TTD compensation was payable as follows:
The employer paid salary continuation through 12/9/2004. Salary continuation terminated effective 12/9/2004. Based on the C84 of Dr. Altic dated 12/21/04 TT is granted from 12/10/04 and to continue in accordance with BWC rules and guidelines.
This decision is based on:
Medical evidence of Dr. Altic dated 12/21/04.
 {¶ 15} 6. The BWC then proceeded to calculate claimant's compensation and proceeded to pay him at 66 2/3 percent of his AWW.
 {¶ 16} 7. In April 2005, claimant filed a motion requesting that he be paid at a rate of 72 percent of his FWW for the first 12 weeks of TTD compensation.
 {¶ 17} 8. The matter was heard before a district hearing officer ("DHO") on June 6, 2005, and resulted in an order granting claimant's motion as follows:
It is the order of the District Hearing Officer that the first 12 weeks of temporary total compensation paid to the claimant in this claim, beginning 12/10/2004, are to be paid at a rate of 72% of the full weekly wage, pursuant to Ohio Revised Code Section4123.56(A). This order is based upon Bureau of Workers' Compensation orders dated 02/04/2005 and 02/07/2005, and Ohio Revised Code Section 4123.56(A).
 {¶ 18} 9. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on July 18, 2005. The SHO affirmed the prior DHO order and determined that the first 12 weeks of claimant's TTD compensation should be paid at the rate of 72 percent of his FWW as follows:
There is no dispute as to the number of dollars in the full and average weekly wage. Additionally, there is no dispute that the claimant was paid wage continuation under a collective bargaining agreement, for a period in excessive 12 weeks. The sole matter to be decided is a matter of statutory construction: under these facts, is the rate of compensation which the claimant is to be paid for the first 12 weeks of his receipt of temporary total disability compensation 72% of his full weekly wage or 66 2/3% of his average weekly wage. The Staff Hearing Officer affirms the District Hearing Officer's conclusion that the proper rate of compensation on these facts is 72% of the full weekly wage. The statutory language under consideration states, "for the first 12 weeks of total disability the employee shall receive 72% of the employees full weekly wage . . ." This language must be understood in light of the instruction in Revised Code Section4123.95 that sections 4123.01 through 4123.94 of the revised code are to be liberally construed in favor of employees and the dependents of deceased employees. The Staff Hearing Officer does not find the cited language to plainly state how to construe the first 12 weeks of compensation where a longer, earlier period was not compensated, even though the claimant was medically temporarily and totally disabled, because of a wage continuation. In the absence of a plain direction, the Staff Hearing Officer finds that the more liberal provision is properly to be applied.
 {¶ 19} 10. Both relator and the BWC appealed and those appeals were refused by order of the commission mailed August 13, 2005.
 {¶ 20} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 21} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 22} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
R.C. 4123.56 provides for the payment of TTD compensation as follows:
* * * [I]n the case of temporary disability, an employee shall receive sixty-six and two-thirds per cent of the employee's average weekly wage so long as such disability is total * * *; provided that for the first twelve weeks of total disability the employee shall receive seventy-two per cent of the employee's full weekly wage[.] * * *
 {¶ 23} By its plain language, R.C. 4123.56(A) requires the payment of the first 12 weeks of TTD compensation at a rate equal to 72 percent of the injured worker's FWW. After the first 12 weeks have been paid, TTD compensation is paid at the rate of 66 2/3 percent of the injured worker's AWW.
 {¶ 24} In the present case, relator elected to pay claimant wages in lieu of compensation for approximately 35 weeks following his industrial injury. Employers are permitted to pay wages in lieu of compensation and, in the present case, relator elected to do so. As of December 9, 2004, relator elected not to continue paying claimant wages in lieu of compensation. It was at that time that claimant began receiving TTD compensation.
 {¶ 25} In the present case, relator wants this court to order the commission to consider the weeks of wages relator paid to claimant in lieu of compensation as TTD compensation for purposes of the calculations contained in R.C. 4123.56. Relator asserts that the commission abused its discretion by not considering the wages in lieu of compensation relator already paid to claimant as the first "twelve weeks of total disability." According to relator's arguments, relator already paid claimant more than twelve weeks of total disability and, as such, any TTD compensation now payable to claimant should be calculated at 66 2/3 percent of his AWW.
 {¶ 26} As of May 10, 2006, the commission has changed its position on this issue. The commission no longer supports the decision of the SHO in this case to award claimant the first 12 weeks of TTD compensation paid following a period of wages being paid in lieu of compensation at 72 percent of a claimant's FWW. Pursuant to Memo C4, the commission is now instructing its hearing officers to consider any period of wages paid by an employer to a claimant during a period of temporary disability as part of the first 12 weeks of disability. As such, if the employer pays six weeks of wages in lieu of compensation, then the claimant can only receive six weeks of TTD compensation calculated at 72 percent of his FWW. (12 weeks — 6 weeks paid as wages = 6 weeks of TTD compensation at 72 percent FWW.)
 {¶ 27} This magistrate cannot say that the commission abused its discretion by finding that, in spite of the fact that relator had already paid claimant approximately 35 weeks of wages in lieu of compensation, because claimant had not received TTD compensation yet, the first 12 weeks of actual TTD compensation received by claimant should be paid at 72 percent of his FWW. The fact that the commission has changed its position on this issue lends credence to the argument that an ambiguity exists, the resolution of which can be determined either way. An abuse of discretion connotes more than just an error of law; it suggests that the commission's decision is unreasonable, arbitrary or unconscionable. In the present case, this magistrate cannot find that the commission's decision constituted an abuse of discretion and that relator has demonstrated a clear legal right. As such, relator's argument fails.
 {¶ 28} Based on the foregoing, this magistrate concludes that relator has not demonstrated that the commission abused its discretion by determining that the first 12 weeks of actual TTD compensation payable to claimant be paid at the rate of 72 percent of claimant's FWW and relator's request for a writ of mandamus ordering the commission to calculate claimant's TTD compensation at the rate of 66 2/3 percent of his AWW for the first 12 weeks of TTD compensation actually paid should be denied.