[Cite as *State ex rel. Ferno-Washington, Inc. v. Indus. Comm.*, 2017-Ohio-8216.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Ferno-Washington, Inc., | : | |
| Relator, | : | |
| | : | No. 17AP-100 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on October 17, 2017

**On brief:** *Keating, Muething & Klekamp PLL,* and *Paul D. Dorger,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *Amanda B. Brown,* for respondent Industrial Commission of Ohio.

**On brief:** *Thomas J. Marchese,* for respondent Daniel R. Joseph.

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator Ferno-Washington, Inc. has filed an original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order which awarded permanent total disability compensation to respondent Daniel R. Joseph, and to find that Joseph is not entitled to that compensation.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus. No objections have been filed to that decision.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.   In accordance with the magistrate's decision, we deny relator's requested writ of mandamus.

*Writ of mandamus denied.*

BROWN and SADLER, JJ., concur.

———————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Ferno-Washington, Inc., | : | |
| Relator, | : | |
| v. | : | No. 17AP-100 |
| Industrial Commission of Ohio, et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

MAGISTRATE'S DECISION

Rendered on July 25, 2017

*Keating, Muething & Klekamp PLL,* and *Paul D. Dorger,* for relator.

*Michael DeWine,* Attorney General, and *Amanda B. Brown,* for respondent Industrial Commission of Ohio.

*Thomas J. Marchese,* for respondent Daniel R. Joseph.

IN MANDAMUS

{¶ 4}   Relator, Ferno-Washington, Inc., has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which awarded permanent total disability ("PTD") compensation to respondent Daniel R. Joseph ("claimant"), and ordering the commission to find that he is not entitled to that compensation.

Findings of Fact:

{¶ 5}   1. Claimant sustained a work-related injury on October 28, 2010 and his workers' compensation claim has been allowed for the following conditions:

> Lumbosacral sprain; left knee medial collateral ligament strain; left ankle sprain; left foot sprain; sacroiliac sprain; peroneal tendon tears left ankle; ganglion cyst left ankle; left lower extremity contusion; complex regional pain syndrome/reflex sympathetic dystrophy left lower extremity; depressive disorder.

{¶ 6}   2. Claimant has not worked since the date of injury.

{¶ 7}   3. Claimant filed his application for PTD compensation on July 6, 2016. According to his application, claimant was 54 years of age, completed the eighth grade in 1978, left school to help his mother after his father left, was able to read and write English, and could perform basic math, but not well.

{¶ 8}   4. In support of his application, claimant submitted the June 28, 2016 report of his treating physician Charles B. May, D.O., who stated as follows:

> Pursuant to your request I had the opportunity to review my medical file on Daniel Joseph. Mr. Joseph has been a patient in this office since 03/30/2011 in regards to the above captioned work injury that occurred on 10/28/2010. I have evaluated and treated Mr. Joseph on a regular basis since that time. He was last examined in this office on 04/18/2016. He has ongoing intractable pain in the left lower extremity as a result of his complex regional pain syndrome. Based upon past and current evaluations of Mr. Joseph, it is my medical opinion that Daniel Joseph is permanently and totally disabled from any form of substantial gainful employment as a direct and proximate result of the allowed physical conditions in this claim.

{¶ 9}   5. The record contains a psychological report prepared by Michael E. Miller, M.D., and dated August 15, 2016.  Dr. Miller opined that, in his medical opinion, claimant's allowed psychological condition had not reached maximum medical improvement ("MMI").

{¶ 10}  6. The commission had claimant examined by Ralph E. Skillings, Ph.D.  In his August 16, 2016 report, Dr. Skillings identified the allowed conditions in claimant's claim as well as the medical records which he reviewed.  Ultimately, Dr. Skillings opined

that claimant had a 25 percent Class III Moderate Level whole person impairment and that he was incapable of work, stating:

> This Injured Worker is capable of work with the limitation(s)/modification(s) noted below:
>
> Ambulation is unsteady for this markedly obese individual. It would prevent him from work settings that require constant standing, physical mobility or generally doing labor type occupations. His cognitive resources add to his limitations. Vegetative signs were positive and are expected to interrupt ability to follow supervisory instructions and retain them. His psychopathology includes coping style of a defensiveness about his personal shortcomings as well as exaggeration of other problems. Performance in a work role is expected to be marginal or unable to persist. He is likely to be rather passive and distant thus reducing the efficiency of completing what work tasks he might be able to do. In my opinion his psychological condition is permanent rather than temporary and he is unable to perform the ordinary requirements of a work setting due solely to his psychological condition. In my opinion he is showing psychological factors that are consistent with a permanent total disability.

{¶ 11} 7. The commission had claimant examined by James H. Rutherford, M.D. In his September 14, 2016 report, Dr. Rutherford identified the allowed conditions in claimant's claim, took a medical history, identified the medical records which he reviewed, and provided his physical findings upon examination. Within the body of his report, Dr. Rutherford noted that claimant's past medical history included hypertension, diabetes/peripheral neuropathy, obesity, hyperlipidemia, heart attack, cervical/lumbar degenerative disc disease, lumbar stenosis, and rheumatoid arthritis. Dr. Rutherford specifically noted the percentage of impairment for each of the allowed conditions. Ultimately, Dr. Rutherford opined that claimant had a 22 percent whole person impairment based solely on the allowed conditions in his claim, and that based only on the orthopedic claim allowances, claimant was incapable of work specifically noting that he could do less than occasional standing and walking, he was not capable of lifting and carrying ten pounds occasionally, he could not stoop, climb, or crawl for work activity, he could not bend below knee level, and, although he could drive for his own transportation, he could not drive heavy equipment. Based on the orthopedic

limitations, Dr. Rutherford opined that claimant was incapable of performing even sedentary work activities.

{¶ 12} 8. The record also contains the October 6, 2016 medical report of John J. Brannan, M.D. In his report, Dr. Brannan listed the allowed conditions in claimant's claim, provided a history of his injury, identified the medical records which he reviewed, provided his physical findings upon examination, and ultimately concluded that, although claimant had reached MMI, he was not permanently and totally disabled. Specifically, Dr. Brannan noted that the majority of claimant's allowed conditions are self-limiting, noted that his complex regional pain syndrome was well controlled, and that he has unrelated medical conditions. Dr. Brannan opined that claimant had no limitations.

{¶ 13} 9. Claimant's application was heard before a staff hearing officer ("SHO") on December 6, 2016. The SHO specifically relied on the reports of Drs. Rutherford and Skillings to find that claimant was incapable of performing any sustained remunerative employment solely as a result of the medical impairment caused by the allowed physical and psychological conditions.

{¶ 14} 10. Relator's application for reconsideration was denied by order mailed January 13, 2017.

{¶ 15} 11. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 17} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of

mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 19} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. *State ex rel. Domjancic v. Indus. Comm.*, 69 Ohio St.3d 693 (1994). Generally, in making this determination, the commission must consider not only medical impairments but also the claimant's age, education, work record and other relevant non-medical factors. *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167 (1987). Thus, a claimant's medical capacity to work is not dispositive if the claimant's non-medical factors foreclose employability. *State ex rel. Gay v. Mihm*, 68 Ohio St.3d 315 (1994). The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).

{¶ 20} Relator argues that the medical reports relied on by the commission, specifically the report of Dr. Rutherford, do not support a determination that claimant is permanently and totally disabled. Relator argues that Dr. Rutherford's report cannot be relied on because he failed to state that claimant's pre-existing and substantial non-allowed conditions were not the cause of his disabilities. Stated another way, relator argues that Dr. Rutherford did not state that the allowed conditions in claimant's claim independently caused his disability.

{¶ 21} Relator is correct that, pursuant to *State ex rel. Waddle v. Indus. Comm.*, 67 Ohio St.3d 452 (1993), non-allowed conditions cannot be used to support a finding that a claimant is permanently and totally disabled. Throughout its brief, relator points to several other medical reports conducted within the two years preceding claimant's application for PTD compensation noting that those doctors opined that

claimant's allowed conditions had resolved long ago, did not cause any disability, and that he did not have reflex sympathetic dystrophy.

{¶ 22} With regard to Dr. Skillings' report, relator argues that he failed to consider other psychological treatments which could benefit claimant and that Dr. Skillings should not have found claimant to have reached MMI.

{¶ 23} Credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981). Further, it is immaterial whether other evidence, even if greater in quality and/or quantity, support a conclusion contrary to the commission's. *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373 (1996).

{¶ 24} Here, relator is asking this court to reweigh the medical evidence. Relator asserts that its evidence is more credible than the evidence upon which the commission relied. However, both Drs. Rutherford and Skillings specifically stated in their reports that they were only considering the allowed conditions in claimant's claim and that, based solely on those allowed conditions, claimant was incapable of work. It matters not that other physicians opined otherwise; the commission was not required to explain why those other reports were not found to be persuasive.

{¶ 25} Based on the foregoing, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).